**Ardian URITA, Petitioner,**

v.

**Alberto GONZALES, Attorney General,[1] Respondent.**

**No. 02–4553.**

United States Court of Appeals, Second Circuit.

April 15, 2005.

---

1. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Attorney General Gonzales was substituted for former Attorney General John Ashcroft as defendant.

Carl M. Weideman, III, Weideman & Weideman, P.C., Grosse Pointe Woods, MI, for Appellant.

Sandra Glover, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney; James K. Filan, Jr., William J. Nardini, Assistant United States Attorneys), Bridgeport, CT, for Appellee, of counsel.

PRESENT: FEINBERG, SACK, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

On May 10, 2001, Immigration Judge (IJ) Paul A. De Fonzo held a hearing on Petitioner Ardian Urita's application for asylum, withholding of deportation, relief under the Convention Against Torture, and voluntary departure. The Board of Immigration Appeals (BIA) summarily affirmed the IJ's ruling on September 6, 2002. Urita petitions for review of the BIA's decision.

■ Urita argues that the BIA's streamlined review procedures violate the Due Process Clause of the Fourteenth Amendment. This argument is squarely foreclosed by this Court's decision in *Yu Sheng Zhang v. DOJ*, 362 F.3d 155 (2d Cir.2004) (per curiam). In his statement of issues, Urita also states that the streamlined procedures violate the Equal Protection Clause. As an initial matter, Urita does not mention equal protection in the argument section of his brief. He therefore has waived this argument on appeal. Fed. R.App. P. 28; *Frank v. United States*, 78 F.3d 815, 833–34 (2d Cir.1996). Second, this argument has no merit. The affirmance without opinion procedure applies to all applicants equally. *See* 8 C.F.R. § 3.1(a)(7) (2002).

■ In addition, Urita argues that the IJ's adverse credibility determination was not supported by substantial evidence. Urita has waived this argument by not complying with the requirements of Federal Rule of Appellate Procedure 28. Under the rule, the appellant's argument may not be a "doctrinal recapitulation masquerading as a legal argument." *Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir.2002) (per curiam). Rather, the argument section must advance the appellant's "contentions by connecting law to facts." *Id.; see also Frank*, 78 F.3d at 833. Urita discusses his substantial evidence claim in two places in his argument section. First, he presents a paragraph discussing the law regarding the substantial evidence standard. Second, Urita addresses his substantial evidence claim in two pages at the end of his argument. He does not cite to the record at any point during this discussion, and merely asserts his own conclusions about the evidence. Because he did not "connect[ ] law to facts," *Sioson*, 303 F.3d at 460, Urita has failed to put forth an argument on his substantial evidence claim.

■ In any event, Urita's substantial evidence argument has no merit. In making an adverse credibility determination, the IJ carefully considered the discrepancies in the evidence before him and Urita's proffered reasons for those discrepancies. The IJ found that, taking into account Urita's explanations for the inconsistencies, Urita was not believable. We review this determination to ensure that it is based "upon neither a misstatement of the facts in the record nor bald speculation or caprice." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). We may not hypothesize excuses for the inconsistencies, as long as the IJ's findings were rational. *Id.* Upon review of the record, we find no fault with the IJ's determination that the many inconsistencies between Urita's testimony and written application and his failure to provide available corroborating evidence rendered him not credible. Nor do we fault the IJ's conclusion that Urita's explanation for these discrepancies was insufficient.

For the foregoing reasons, the petition for review is DENIED.