The **ERNST HAAS STUDIO, INC.,**
Plaintiff–Appellant/Cross–
Appellee,

v.

**PALM PRESS, INC., Defendant–**
Appellee/Cross–Appellant.

Docket Nos. 97–9259, 97–9329.

United States Court of Appeals,
Second Circuit.

Argued Sept. 24, 1998.

Decided Jan. 5, 1999.

Stephen A. Weingrad, Weingrad & Weingrad, New York, New York, for Plaintiff–Appellant/Cross–Appellee.

Jeffrey A. Berchenko, Berchenko & Korn, San Francisco, California, for Defendant–Appellee/Cross–Appellant.

Before: WINTER, Chief Judge,
MESKILL, and LEVAL, Circuit Judges.

PER CURIAM:

The Ernst Haas Studio, Inc., appeals from the dismissal of its complaint by Judge Preska for failure to state a claim upon which relief can be granted. Palm Press cross-appeals from the district court's holding in abeyance a decision on Palm Press's motion for sanctions and costs. In addition, Palm

Press has moved in this court for an award of sanctions for pursuing this appeal. Because appellant failed to advance any argument in its main Brief that would provide grounds for reversal, we affirm the judgment of the district court and order counsel for Haas to pay attorney's fees as a sanction pursuant to Fed. R.App. P. 38. We affirm the cross-appeal without reaching the merits.

The pertinent facts may be briefly stated. In 1953, a photograph of Albert Einstein taken by Ernst Haas, the father of the president of the Studio, was published in the June issue of Vogue, a Condé Nast Publication. The Copyright Office registered the entire issue of Vogue to Condé Nast in 1953, and Condé Nast renewed this copyright on July 24, 1981. In 1988 the photograph was published in a collage by the artist Joan Hall. Upon agreement with Hall, Palm Press reproduced and distributed this image on note cards.

On May 21, 1996, the Studio filed suit against Palm Press for copyright infringement for its use of the photograph. The complaint based its claim of copyright ownership on the fact that it was awaiting registration from the Register of Copyrights. On January 18, 1997, the Register of Copyrights rejected the Studio's copyright application, and, on September 11, 1997, the district court dismissed appellant's complaint. *See Ernst Haas Studio, Inc. v. Palm Press, Inc.*, No. 96 Civ. 3811 LAP, 1997 WL 566151 (S.D.N.Y. Sept.11, 1997).

Appellant appeals from this order. We affirm on the ground that the main Brief filed by appellant articulates no grounds for reversal of the judgment, and we decline to entertain arguments made for the first time in the Reply Brief. We order an award of reasonable attorney's fees as a sanction under Fed. R.App. P. 38. Appellant's counsel is solely liable for the award of attorney's fees.

■ The district court dismissed the complaint on the ground that ownership of a valid copyright had not been adequately alleged. Although the issues raised are complex, appellant's main Brief is only nine pages long and does not cite a single statute or court decision related to copyright. Nor

does it present a coherent legal theory, even one unsupported by citation to authority, that would sustain the complaint.

The complaint alleges that the author, and appellant as successor to the author, owned the copyright at all times. Nevertheless, the Brief states that appellant obtained proof of valid copyright only after the suit was filed. This statement is accompanied by two citations to the appendix. The first citation is to the 1953 copyright registration in the name of Condé Nast. The second is to a letter dated April 29, 1996, in which Condé Nast, after a broad reservation of rights, "reverts" the copyright to appellant. Although the Brief then states that "[p]laintiff, however, did not possess this proof of that copyright at the time the suit was filed ...," both documents bear fax dates showing that appellant received them well before the commencement of this lawsuit.

The Brief also states, "[p]laintiff then sought permission to amend the pleadings to rely upon [the Condé Nast] registration." This latter statement is not accompanied by a citation to the record of a motion to amend the complaint or to a proposed amended complaint.

The Brief cites two errors of the district court as calling for reversal. The first claimed error is that the court stated in its opinion that "subsequent to the initiation of this suit, Condé Nast confirmed the reverter of the copyright...." It is true that the district court was incorrect as to the timing of the "confirm[ation] of the reverter" because the reverter reflects that it was faxed to appellant some three weeks before the lawsuit was filed. The Brief makes no attempt, however, to explain its prior assertion that "[p]laintiff ... did not possess this proof ... at the time the suit was filed," a statement entirely consistent with the claimed error of the district court. Nor does it explain why any of these matters—the district court's mistake of fact, the reverter, or the 1953 registration in Condé Nast's name—are of legal relevance.

Some measure of explanation might have been achieved in the second claim of error— that permission to amend the pleadings was

denied. Again, however, the Brief contains no citation to a motion to amend the complaint or to a proposed amended complaint. After once again stating that the plaintiff did not have the reverter when the action was filed, the Brief states only that plaintiff's obtaining of "the assignment to the 44 old year [sic] copyright and its renewal" was "a transaction . . . necessitating supplementing the pleading." The record indicates, however, that, as Palm Press had not yet filed a responsive pleading, appellant could have amended the complaint as of right up to the date of the dismissal of the complaint. *See* Fed.R.Civ.P. 15(a). (At oral argument, we were told that appellant's reply brief on a motion for reconsideration filed after the complaint had been dismissed mentioned for the first time the possibility of amending the complaint.)

This infringement action began with a claim that appellant, or its predecessors, had always owned the copyright and that the Register of Copyrights would soon issue a certificate of registration to appellant. Obviously, the prior registration by Condé Nast and the reverter with a very broad reservation of rights has radically undermined the legal theory of the complaint and required the development of a new theory if appellant was to prevail. The new legal theory (like the old) is not so self-evident that no explanation or citation to authority is necessary.

Fed. R.App. P. 28 requires, *inter alia*, that an appellant's main brief must contain "the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." Appellant's brief utterly fails to comply with this mandatory direction. A reasonable reader of the Brief is left without a hint of the legal theory proposed as a basis for reversal. The Brief creates utter confusion by repeatedly stating that the Condé Nast's registration and reverter were not in appellant's possession when the lawsuit was commenced—the fax dates clearly show that appellant had them— and by failing to explain why it matters that the district court accepted counsel's invitation to state that Condé Nast's "confirm[ation]" of the registration and reverter

occurred subsequent to the initiation of the lawsuit.

Although the second claim of error is the perceived denial of permission to amend the complaint, the Brief offers no explanation of why permission was needed prior to dismissal of this complaint. Whether or not permission was needed, there is no designation in the Brief of where in the record such permission was sought, the precise content of the proposed amendment, or an exposition of the legal theory on which the proposed amendment is based. Appellant's Brief is at best an invitation to the court to scour the record, research any legal theory that comes to mind, and serve generally as an advocate for appellant. We decline the invitation.

■ An attempt is made in the Reply Brief to supply what was conspicuously omitted in the main Brief. The Reply Brief is almost three times as long as the main Brief and contains some citations to pertinent legal authority. However, new arguments may not be made in a reply brief, *see Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir.1993), and we decline to entertain the theories so proffered.

Palm Press has moved for sanctions pursuant to Fed. R.App. P. 38, 28 U.S.C. § 1912, and 28 U.S.C. § 1927, on the ground that this appeal is frivolous and has also cross-appealed from the district court's holding in abeyance its decision to award fees and costs pursuant to 17 U.S.C. § 505. We hold that the appeal as presented in appellant's main Brief is indeed frivolous; we need not and do not decide whether a meritorious appeal could have been presented; and we decline to express an opinion as to the merits of the district court opinion.

We do hold that appellee should recover under Rule 38 its reasonable attorney's fees in connection with this appeal. By failing in its main Brief to state reasoned arguments based on cited authority setting out grounds for reversal, appellant's counsel forced appellee to anticipate, research, and argue the issues in the case without knowing what issues appellant intended to raise. *See Knipe*, 999 F.2d at 711. An award of attorney's fees is thus appropriate as a sanction. Because the frivolous nature of the Brief is due to

counsel, he should bear sole liability for these fees. *See id.* The district court should determine the appropriate amount of such fees when it addresses the issue of fees for the proceedings in that court.

With regard to the cross-appeal, appellee asks us to provide "guidance" to the district court regarding appellee's motions for a fee award pursuant to 17 U.S.C. § 505 for proceedings in the district court. The district court held defendant's motion in abeyance pending our decision on the merits of plaintiff's appeal. We believe that the issue is one best left to the sound discretion of the district court and affirm on the cross-appeal without addressing the merits.

We therefore affirm the dismissal of the complaint. We grant the motion for sanctions under Rule 38 to the extent that an award of reasonable fees for this appeal should be made, and appellant's counsel shall be solely liable for such an award. We affirm the cross-appeal without reaching the merits.