Teddy MOORE, Plaintiff–Appellant–
Cross–Appellee,

v.

TIME, INC., Defendant–Appellee–
Cross–Appellant,

Elizabeth Matthews, Defendant.

Docket Nos. 98–9535, 98–9537(XAP)

United States Court of Appeals,
Second Circuit.

Submitted June 8, 1999.

Decided June 17, 1999.

Teddy I. Moore, pro se, Flushing, New York, for Plaintiff–Appellant–Cross–Appellee.

Paul G. Gardephe, Deputy General Counsel, Time Inc., New York, NY, for Defendant–Appellee–Cross–Appellant.

Before: WINTER, Chief Judge, and OAKES, Circuit Judge.*

PER CURIAM:

Teddy Moore, an attorney appearing *pro se*, appeals from Judge Korman's dismissal of his complaint for lack of either federal question or diversity jurisdiction and denying his motion under Rule 11 for sanctions against Time, Inc. Time cross-appeals Judge Korman's decision to deny its motion for sanctions against appellant, and both parties move for appellate sanctions pursuant to Fed. R.App. P. 38. We affirm on the appeal and cross-appeal for substantially the reasons stated by the district court, *see Moore v. Time Inc.*, 98–CV–3886 (ERK) (E.D.N.Y. Oct. 30, 1998) (adopting report of Magistrate Judge Gold), and deny Moore's motion for Rule 38 sanctions.

In addition, we also grant Time's motion for Rule 38 sanctions against Moore. Moore pursued this appeal despite Magistrate Judge Gold's strong admonition that his complaint presented no non-frivolous claims. Indeed, the district court stated its belief that Moore's conduct may have violated Rule 11 but declined to impose sanctions thereunder based in part upon its impression of Moore as "not sophisticated." *Moore v. Time Inc.*, CV–98–3886 (ERK), at 5 (E.D.N.Y. Oct. 6, 1998) (Report and Recommendation of Magistrate Judy Gold). Despite this clear warning, Moore pressed on. His appellate brief leaves the reader "without a hint of the legal theory proposed as a basis for reversal." *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir.1999) (per curiam). It cites no case law to support his argument and surely fails to satisfy Rule 28's requirement that it contain "the contentions of the appellant on the

---

* Judge Sack, who was originally a member of the panel, recused himself after submission of the appeal. The appeal is being decided by the remaining two members of the panel who are in agreement. *See* 2d Cir. R. § 0.14(b).

issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." Fed. R.App. P. 28(a)(6); *Ernst Haas Studio*, 164 F.3d at 112. Particularly in light of the fact that this is not the first frivolous appeal Moore has brought to this court, *see Hoffman v. City of New York*, No. 98–7758, 1999 WL 66158 (2d Cir.1999), we believe an award of sanctions is necessary to deter future frivolous appeals. We therefore order as a sanction pursuant to Rule 38 an award of $1000 in attorneys fees as well as double costs. *See* Fed. R.App. P. 38 (court of appeals may award "just damages and single or double costs to the appellee").