**Jocelyn SIOSON, Plaintiff–Appellant,**

v.

**KNIGHTS OF COLUMBUS,
Defendant–Appellee.**

**Docket No. 01–9179.**

United States Court of Appeals,
Second Circuit.

Argued: Sept. 5, 2002.

Decided: Sept. 13, 2002.

John R. Williams, Williams & Pattis, LLC, New Haven, CT, for Plaintiff–Appellant.

Lynn A. Kappelman, Emily R. Donovan, on the brief, Seyfarth Shaw, Boston, MA, for Defendant–Appellee.

Before: CALABRESI, and B.D. PARKER, Circuit Judges, and COTE, District Judge.*

PER CURIAM.

Plaintiff–Appellant Jocelyn Sioson appeals from an entry of summary judgment, *Sioson v. Knights of Columbus*, 160

F.Supp.2d 316 (D.Conn.2001), by the United States District Court for the District of Connecticut (Hall, *Judge*) on Sioson's national-origin discrimination claims, which arise under Title VII, 42 U.S.C. § 2000e *et seq.*, and the Connecticut Fair Employment Practices Act, Conn. Gen.Stat. § 46a–60. We dismiss her appeal for failure to submit an adequate brief.

## DISCUSSION

▇ Fed. R.App. P. 28(a) requires that an appellant's brief include, *inter alia,*

(6) a statement of the case briefly indicating the nature of the case, the course of proceedings, and the disposition below;

(7) a statement of facts relevant to the issues submitted for review with appropriate references to the record ...;

(8) a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings;

(9) the argument, which must contain:

(A) appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies ...

These requirements are mandatory. *Ernst Haas Studio, Inc. v. Palm Press, Inc.,* 164 F.3d 110, 112 (2d Cir.1999) (per curiam). Appellant has filed a noncompliant brief. Her submission lacks the requisite statement-of-facts and summary-of-the-argument sections, which are required, but the absence of which is sometimes overlooked. Crucially, however, the brief furnishes—in lieu of an argument—only a

* The Honorable Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

precis on the law of summary judgment and Title VII. *See* App. Br. at 6–13.

■ To make a legal argument is to advance one's contentions by connecting law to facts, yet there is not one fact, or supposed fact, let alone a fact properly cited to the record, in the brief's "argument" section. *See* Fed.R.App.P. 28(a)(9)(A) ("[T]he *argument* ... must contain ... the appellant's *contentions* on the issues presented, and the reasons for them, with citations to the *authorities* and *parts of the record* relied on.") (emphasis added). The argument section of the appellant's brief develops not one "contention" within the meaning of this Rule. It references only case-law authorities, and never the requisite combination of authorities and putative facts.[1] In short, it is a doctrinal recapitulation masquerading as a legal argument.

■ Perhaps counsel for Appellant intends that we form an argument for him, by looking into the record to document the "facts" posited in his "statement of the case," and then examining various combinations of these facts in the light of the legal doctrines he later mentions. But that is simply not our job, at least in a counseled case.

■ Indeed, Appellant's brief is tantamount to an "invitation [for us] to scour the record, research any legal theory that comes to mind, and serve generally as an advocate for appellant." *Ernst Haas,* 164 F.3d at 112. This we declined to do in *Ernst Haas,* and we will not do so here. Nor will we take the absence of an argument on appeal as an invitation to dig up and scrutinize anew the memorandum in opposition to summary judgment that Appellant submitted to the court below. *Cf. Frank v. United States,* 78 F.3d 815, 833 (2d Cir.1996) ("[m]erely incorporating an argument made to the district court does not preserve a question for appellate review"), *vac'd on other grounds,* 521 U.S. 1114, 117 S.Ct. 2501, 138 L.Ed.2d 1007 (1997).

■ Of course, "we may overlook a litigant's failure properly to present an issue on appeal in unusual circumstances, one being where manifest injustice would otherwise result." *Id. citing* Fed. R.App. P. 2. We choose not to do so here.

Accordingly, the appeal is DISMISSED.

---

1. The second caption in the "argument" section—"The Plaintiff's Evidence Was Sufficient to Entitle Her to a Trial on the Merits of Her Employment Discrimination" indicates that Appellant's attorney may have contemplated a proper argument, i.e., one integrating facts and law, but the text that follows the caption makes no reference to the evidence, except the following: "While Jocelyn Sioson's may not have been the strongest case of alleged employment discrimination to come before the district court in 2001, it nevertheless was strong enough to warrant submission to the jury." App. Br. at 13.