**John A. MacGOVERN, Plaintiff–Appellant,**

v.

**HAMILTON SUNSTRAND, CORP., f/k/a Hamilton Standard Corp., and United Technologies Corporation, Hamilton Sunstrand Division, Defendants–Appellees.**

**Docket No. 01–9448.**

United States Court of Appeals, Second Circuit.

Nov. 15, 2002.

John R. Williams, New Haven, CT, for Plaintiff–Appellant.

Felix J. Springer (Daniel A. Schwarz, on the brief), Day, Berry & Howard, Hartford, CT, for Defendants–Appellees.

Present LEVAL, CALABRESI, B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

In 1991, John A. MacGovern, who had worked for Hamilton Sunstrand Corp. ("Hamilton") since 1982, was diagnosed with major recurrent depression and seasonal affective disorder. Up until June 1997, this condition did not affect MacGovern's ability to perform his job. And prior to 1997, MacGovern never informed Hamilton of his condition (though some of his supervisors may have known of it) and never requested any accommodation. In June 1997, Hamilton required MacGovern to work overtime. The next week, MacGovern brought in a letter from his treating physician stating that because overtime could negatively affect MacGovern's depression, he should not be compelled to do mandatory overtime. Hamilton responded by not allowing MacGovern to work any overtime, mandatory or voluntary, for the next six months. At no time during that period did MacGovern inform Hamilton that he was dissatisfied with its proffered accommodation.

MacGovern filed this suit against Hamilton in March 2000, alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.* The United States District Court for the District of Connecticut (Arterton, *J.*) granted the defendants' motion for summary judgment, based on its determination that MacGovern was unable to show that he was disabled under the ADA. *MacGovern v. Hamilton Sunstrand Corp.,* 170 F.Supp.2d. 301 (D.Conn.2001). MacGovern appeals that ruling.

We rather doubt that the Appellant's Brief meets the requirements of Section 28(a) of the Federal Rules of Appellate Procedure, which have recently been described and applied in *Sioson v. Knights of Columbus,* 303 F.3d 458 (2d Cir.2002) (per curiam). Indeed, while there is an account of the facts ("Statement of the Case") and a description of the law ("Argument"), the brief barely applies that law to those facts. Nonetheless, the "Statement of the Case" enables us to consider the merits of MacGovern's position and we choose to do so in this case.

The district court, applying the standard articulated in *Colwell v. Suffolk County Police Dep't,* 158 F.3d 635, 643 (2d Cir. 1998), granted Hamilton's motion for summary judgment on the ground that MacGovern's impairment was not a disability under the ADA. We believe that issue is perhaps more complicated than the district court indicated. But we do not find it necessary to decide the matter. It is clear from the record that prior to 1997 MacGovern did not inform Hamilton of any request for accommodation. It is also manifest that when he objected to the required overtime and Hamilton responded with a six-month exclusion from all such extra work, MacGovern did not indicate that he deemed that accommodation inadequate. Under these circumstances, Hamilton was under no obligation to do more than it did. *See Sidor v. Reno,* 1997 WL 582846, at *6 (S.D.N.Y. Sept.19, 1997) ("[I]t is the employee's initial request for an accommodation which triggers the employer's obligation to participate in the interactive process of determining one." (*quoting Taylor v. Principal Fin. Group, Inc.,* 93 F.3d 155, 165 (5th Cir.1996))).

We have considered all of MacGovern's other arguments and found them meritless. We therefore AFFIRM the judgment of the district court.