Amadou **MALIKITE**, Berthlyn Malikite, Petitioners,

v.

**UNITED STATES DEPARTMENT OF JUSTICE,** Attorney General Alberto R. Gonzales* Respondent.

Nos. 03–4424, 03–4434.

United States Court of Appeals, Second Circuit.

June 28, 2005.

---

* The Honorable Carol Bagley Amon, United States District Court for the Eastern District of New York, sitting by designation.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Jonathan E. Avirom, New York, NY, for Petitioners.

David N. Kelley, United States Attorney for the Southern District of New York, New York, NY, for Respondent.

PRESENT: MINER, CALABRESI, Circuit Judges, and AMON, District Judge.**

## SUMMARY ORDER

Lead petitioner Amadou Malikite, a citizen of Mali, and his wife, Berthlyn Malikite, a citizen of Jamaica, petition for review of a January 31, 2003 order of the Board of Immigration Appeals ("BIA"), summarily affirming a December 14, 1999 decision of an Immigration Judge ("IJ"). The IJ rejected petitioners' applications for asylum, withholding of removal, and voluntary departure under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), as well as relief under the United Nations Convention Against Torture ("CAT"), *adopted* Dec. 10,

---

** The Honorable Carol Bagley Amon, United States District Court for the Eastern District of New York, sitting by designation.

1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16.[1]

## I.

■ As a threshold matter, the government argues that petitioner challenged, in his BIA appeal, neither the IJ's denial of CAT relief nor his finding that petitioner was statutorily ineligible to seek asylum, and therefore failed to exhaust all administrative remedies with respect to these claims. With respect to CAT relief, petitioner did not raise this claim before the BIA and cannot do so now. *See Cervantes–Ascencio v. U.S. INS,* 326 F.3d 83, 87 (2d Cir.2003) (per curiam). Petitioner could have been more clear in challenging the IJ's finding that petitioner had, himself, engaged in acts of persecution and was therefore statutorily ineligible for asylum. But petitioner's brief to the BIA repeatedly stated that he had retracted all of his written statements that suggested that he had played a role in the persecution of others. Thus, at the very least, petitioner squarely challenged the evidentiary basis of the IJ's eligibility finding. In addition, both parties were aware that the claims that petitioner concededly made to the BIA—claims regarding petitioner's credibility and his well-founded fear of persecution—could be raised only if the IJ's findings with respect to eligibility were reversed. Under the circumstances, we read petitioner as having exhausted the issue of his statutory eligibility. *Cf. Ernst Haas Studio, Inc. v. Palm Press, Inc.,* 164 F.3d 110, 112 (2d Cir.1999) (indicating that a claim is not preserved when a "reasonable reader . . . is left without a hint of the legal theory proposed as a basis for reversal").

## II.

■ The questions of whether the IJ was correct in finding that the burden of showing that Malikite had not participated in the persecution of others lay on the petitioner as a result of his original asylum statement, and that he had not satisfied that burden, involve issues of first impression, which are anything but easy. We, however, need not (and hence should not) resolve them to decide the case before us. For, assuming *arguendo* that the IJ erred in finding that petitioner was statutorily barred from seeking eligibility, it would still be the case that the IJ's denial of petitioner's asylum application must be affirmed. First, the unresolved contradictions between petitioner's original application and his subsequent statements—made worse by inconsistencies even within his later statements—were significant enough to constitute substantial evidence supporting the IJ's finding that petitioner was not credible. *See Zhang v. U.S. INS,* 386 F.3d 66, 73 (2d Cir.2004) (according "particular deference" in applying the substantial evidence standard to credibility findings, "mindful that the law must entrust some official with responsibility to hear an applicant's asylum claim, and the IJ has the unique advantage among all officials involved in the process of having heard directly from the applicant"). Moreover, as the IJ also held, petitioner has submitted no evidence of past persecution sufficient to give rise to a presumption of a well-founded fear of future persecution. *See Islami v. Gonzales,* 412 F.3d 391, 395 (2d Cir.2005) (explaining that proof of past persecution creates a rebuttable presumption of future persecution). In the absence of such a presumption, the IJ's rejection of

---

1. Berthlyn Malikite's asylum petition is totally derivative of her husband's application. Therefore, we only discuss his claims.

petitioner's unsupported assertions cannot be reversed.

We have considered all of petitioner's other arguments and find them to be without merit. Therefore, the petition for review is DENIED, and the outstanding motion for stay of deportation is DENIED.