**Mai Chai ZHU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–1100–AG.**

United States Court of Appeals, Second Circuit.

Jan. 31, 2006.

Karen Jaffe, New York, New York, for Petitioner.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.

William J. Leone, Acting United States Attorney, Amanda Rocque, Assistant United States Attorney, Denver, Colorado, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. CHESTER J. STRAUB, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mai Chai Zhu petitions for review of the BIA decision affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA summarily affirms the IJ's decision without opinion, this Court reviews the IJ's decision. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004).

The IJ determined that Zhu was not credible because (1) he testified inconsistently with his written asylum application; (2) he testified inconsistently with statements made during his airport interview; and (3) he did not provide corroborative evidence in support of his claims. The IJ's conclusions regarding inconsistent testimony are substantially supported by exam-

ples in the record and are sufficient to support the IJ's adverse credibility ruling and denial of asylum. And even if lack of corroborating evidence is not alone sufficient to support an adverse credibility determination, because here the IJ combined it with other bases supported by the record, it is a proper factor upon which to base the overall adverse credibility finding.

Because Zhu did not address the IJ's denial of withholding of removal and CAT relief in his appellate brief, he has waived any challenge to those findings. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir. Oct.13, 2005).

It is noted that the brief filed by Zhu's counsel, Karen Jaffe, fails to comply with the Federal Rules of Appellate Procedure. For example, the brief must include a statement of subject matter jurisdiction, providing citations to applicable statutory provisions and stating relevant facts establishing jurisdiction. *See* Fed. R.App. P. 28(a)(4)(A). The brief must also include statement of the case describing lower court proceedings and dispositions below; a statement of the facts relevant to the issues on review with citations to the record; a summary of the argument, which should not merely repeat the argument; and an argument containing appellant's contentions, the reasons for them, and applicable standards of review. Fed. R.App. P. 28(a)(6), (7), (8), (9). These are mandatory requirements. *Ernst Haas Studio, Inc. v. Palm Press, Inc.,* 164 F.3d 110, 112 (2d Cir.1999) (per curiam). It is also noted that Zhu's is not the first appeal to present such a brief by Ms. Jaffe, and she should be aware that her continued failure to comply with the Federal Rules of Appellate Procedure could result in discipline. *See* Fed. R.App. P. 46(b)-(c).

For the foregoing reasons, the petition for review is DENIED. Having complet-

ed our review, the pending motion for a stay of removal in this petition is DENIED as moot.