**Lakhwinder SINGH, Petitioner,**

**v.**

**Alberto GONZALES,\* Attorney General
of the United States, Respondent.**

No. 04–3454–ag.

United States Court of Appeals,
Second Circuit.

Jan. 3, 2007.

Mark T. Kenmore, Buffalo, N.Y., for
Petitioner.

Brent A. Hannafan, Assistant United
States Attorneys, for James K. Vines,
United States Attorney for the Middle District of Tennessee, for Respondent.

PRESENT: Hon. Guido Calabresi and
Hon. Robert D. Sack, Circuit Judges, Hon.
Richard M. Berman, District Judge.\*\*

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

\*\* The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Petitioner Lakhwinder Singh petitions for review of a final order of removal by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") ordering Singh removable pursuant to Section 212(a)(6)(E)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(E)(i), for having knowingly "encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law."

Federal Rule of Appellate Procedure 28(a) requires that an appellant's brief include, *inter alia,* a jurisdictional statement; a statement of the case describing lower court proceedings and dispositions below; a statement of the facts relevant to the issues on review with citations to the record; a summary of the argument, which should not merely repeat the argument; an argument containing appellant's contentions, the reasons for them, and applicable standards of review, "with citations to the authorities and parts of the record on which the appellant relied;" and a short conclusion stating the precise relief sought. Fed. R.App. P. 28(a)(4), (6), (7), (8), (9). These are "mandatory direction[s]." *Ernst Haas Studio, Inc. v. Palm Press, Inc.,* 164 F.3d 110, 112 (2d Cir.1999) (per curiam).

Singh's brief, filed by attorney Mark T. Kenmore, utterly fails to comply with these requirements. The brief does not include a proper statement of the case nor any summary of the argument. The statement of facts does not include a single citation to the record and describes nearly none of the material facts. Moreover, the argument fails to provide "the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relied." Fed. R.App. P. 28(a)(9). The five page argument section does not contain a single citation to authority, and the only citation to the record is to a statement made by Singh's attorney during the hearing before the IJ. Instead, the argument consists almost entirely of quoting what Singh's previous counsel "stated," "opined," and "believed," without any attempt to show that these beliefs are supported by law or facts. The brief also fails to provide a consistent statement of the relief requested. Finally, the brief lacks the logical arrangement required by Local Rule 28(a). Second Circuit Local Rule 28(a) ("Briefs must be compact, logically arranged with proper headings, concise, and free from burdensome, irrelevant, immaterial, and scandalous matter. Briefs not complying with this rule may be disregarded and stricken by the court.").

The failure of petitioner's brief to follow the requirements of Rule 28(a) has made meaningful appellate review impossible. *See Ernst Haas Studio,* 164 F.3d at 112; *see also Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). As a result of this failure, we deny the petition for review. We need not and do not decide whether a meritorious petition for review could have been presented, and express no opinion as to the merits of the agency's opinion. *See Ernst Haas Studio,* 164 F.3d at 112.

Although the briefing in this appeal makes a meaningful analysis of the petitioner's claims in light of the applicable law impossible, the failure of petitioner's counsel adequately to advocate the predicament of the petitioner—that despite his resident alien status, he is to be permanently re-

moved from the United States, and thereby separated from his American wife and two children, because he drove a Canadian citizen, illegally resident and employed in Buffalo, to Canada for an evening's entertainment and back—raises obvious concerns.

Counsel's representation of the petitioner in this matter raises serious concerns that the petitioner's assistance of counsel may have been constitutionally ineffective. *See Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). The petitioner may seek to obtain the services of another attorney to consider whether such a claim can and should be made. Counsel is hereby warned that continued failure to comply with the Rules of Appellate Procedure could result in discipline. See Fed. R.App. P. 46(b), (c).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.