**Patrick J. BERKERY and John T. O'Reilly, Plaintiffs–Appellants,**

**v.**

**ARCHDIOCESE OF HARTFORD, Michael J. Kasinskas, Matthew Byrne, and Michael St. Denis, Defendants–Appellees.**

No. 08–1038–cv.

United States Court of Appeals, Second Circuit.

Nov. 5, 2009.

Kenneth R. Davis, Stamford, CT, for Appellant, Patrick J. Berkery.

John T. O'Reilly, Guilford, CT, pro se.

Lorinda S. Coon (Jeffrey C. Pingpank, on the brief), Cooney, Scully & Dowling, Hartford, CT, for Appellees, Archdiocese of Hartford, Matthew Byrne, and Michael St. Denis.

Beverly Stauffer Knapp, Cramer, Alissi & Fontaine PC, Hartford, CT, for Appellee, Michael J. Kasinskas.

Present: WALKER, GUIDO CALABRESI and RICHARD C. WESLEY, Circuit Judges.

## AMENDED SUMMARY ORDER

Plaintiffs Patrick J. Berkery and John T. O'Reilly commenced this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and state law. They allege that the Archdiocese of Hartford (the "Archdiocese") failed to pay Berkery funds that were contractually owed to him upon his retirement, and that certain of the defendants committed defamation, libel, and slander. On June 28, 2007, the United States District Court for the District of Connecticut (Covello, *J.*) dismissed Berkery's claims under ERISA and the ADA, and declined to exercise supplemental jurisdiction over plaintiffs' remaining state-law claims. Plaintiffs filed a motion for reconsideration of those rulings, which was denied on January 29, 2008. Plaintiffs appealed.[1] We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In reviewing a dismissal for lack of subject matter jurisdiction at the pleadings stage, we review conclusions of law *de novo,* accepting as true all material facts

---

1. Because the motion for reconsideration was filed within ten days of the initial dismissal order and it renewed plaintiffs' previous arguments, the notice of appeal filed after the denial of plaintiffs' motion for reconsideration is sufficient to permit review of the initial dismissal order. *See "R" Best Produce, Inc. v. DiSapio,* 540 F.3d 115, 121 (2d Cir.2008).

alleged in the complaint and drawing all reasonable inferences in the plaintiff's favor. *Conyers v. Rossides,* 558 F.3d 137, 143 (2d Cir.2009). We are not bound to accept as true legal conclusions couched as factual allegations. *Id.* The party invoking jurisdiction bears the burden of establishing that jurisdiction exists. *Id.* We also review *de novo* a dismissal pursuant to Rule 12(b)(6), accepting as true all factual allegations in the complaint and construing all reasonable inferences in the non-movant's favor. *Staehr v. Hartford Fin. Servs. Group, Inc.,* 547 F.3d 406, 424 (2d Cir.2008). The denial of a motion for reconsideration, however, is reviewed only for abuse of discretion. *Universal Church v. Geltzer,* 463 F.3d 218, 228 (2d Cir.2006).

█ With respect to Berkery's ERISA claim, the district court held that neither the complaint nor any of the numerous exhibits attached to it identifies an ERISA-governed "employee benefit plan," 29 U.S.C. § 1002(3). We agree. The July 17, 1995 letter agreement referring to the "Rev. Patrick J. Berkery Retirement Fund" does not suggest that the Archdiocese established a benefit plan that required "ongoing, particularized, administrative analysis" of Berkery's retirement fund or his eligibility to receive compensation under its terms. *Kosakow v. New Rochelle Radiology Assocs., P.C.,* 274 F.3d 706, 737 (2d Cir.2001) (quotation omitted). Moreover, the agreement did not vest discretion in the Archdiocese over the manner in which payments from the fund would be made to Berkery. Rather, under the terms of the agreement, Berkery was entitled to the accumulated proceeds of the fund upon request when he stopped working full time within the Archdiocese of Hartford, and the funds were to be distributed to him in payment amounts of his choosing. These terms indicate that the fund required " 'no administrative scheme

whatsoever to meet the employer's obligation.' " *Kosakow,* 274 F.3d at 736–37 (quoting *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 11, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987)); *see also James v. Fleet/Norstar Fin. Group, Inc.,* 992 F.2d 463, 466 (2d Cir.1993) ("To do little more than write a check hardly constitutes the operation of a benefit plan.").

Berkery's reliance on the January 31, 2006 letter from defendant Michael St. Denis is similarly unavailing. The letter merely suggests that, in response to questions from Berkery about how to manage his retirement fund, an employee of the Archdiocese provided advice relating to *Berkery's* discretionary control of the fund. The allegations in the complaint and the documents upon which plaintiffs rely are therefore insufficient to support a plausible inference that the "Rev. Patrick J. Berkery Retirement Fund" was an "employee benefit plan" under ERISA. Moreover, even assuming, *arguendo,* that the "Rev. Patrick J. Berkery Retirement Fund" is an ERISA-governed plan, Berkery has not refuted that it would be exempt under ERISA as a "church plan." 29 U.S.C. § 1003(b)(2); *see also* 29 U.S.C. § 1002(33) (defining "church plan"). Accordingly, we affirm the district court's dismissal of Berkery's ERISA claim.

█ The district court also properly dismissed Berkery's ADA claim. Berkery does not allege that defendants withheld the proceeds of his retirement fund *"because of* his alleged disability." *Brady v. Wal–Mart Stores, Inc.,* 531 F.3d 127, 134 (2d Cir.2008) (emphasis added). Rather, he alleges that the Archdiocese purported to withhold the funds due to complaints "concerning his handling of parish funds," and that this pretextual explanation was presented to conceal the fact that his retirement fund "was part of the financial

assets pledged by the Archdiocese in [its] recent abuse settlement."

Berkery was entitled to plead an alternative explanation for the decision of the Archdiocese to withhold the proceeds of his retirement fund. *See* Fed.R.Civ.P. 8(e); *see also Henry v. Daytop Village, Inc.*, 42 F.3d 89, 95–96 (2d Cir.1994). With respect to this element of his ADA claim, however, Berkery plead no facts at all. The complaint presents no allegations that link the Archdiocese's decision to his disability or support an inference of disability discrimination. Simply put, Rule 8 requires more. Therefore, we affirm the district court's dismissal of Berkery's ADA claim.

▇ Because the district court's subject matter jurisdiction was predicated on the federal questions presented by Berkery's claims under ERISA and the ADA, it did not err in declining to exercise supplemental jurisdiction over plaintiffs' state-law claims after dismissing the federal claims. *See, e.g., Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir.2003). Moreover, in light of the foregoing, the district court did not abuse its discretion in denying plaintiffs' motion for reconsideration. We have reviewed plaintiffs' remaining arguments and find them to be without merit.[2] Accordingly, the judgment of the district court is hereby **AFFIRMED.**

---

**2.** For purposes of clarity we note that, although Berkery's co-plaintiff, John T. O'Reilly, signed both the notice of appeal and Berkery's appellate brief on a *pro se* basis, O'Reilly presented no independent arguments or submissions in support of his appeal. Therefore, O'Reilly abandoned his challenge to the district court's decisions. *See, e.g., Sioson v.*

*Knights of Columbus*, 303 F.3d 458, 459–60 (2d Cir.2002).

