*McFadden v. County of Monroe et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 6th day of December, two thousand sixteen.

Present:     ROBERT A. KATZMANN,
                      *Chief Judge*,
             RALPH K. WINTER,
             GUIDO CALABRESI,
                      *Circuit Judges*.

───────────────────────────────────────────

CRAIG MCFADDEN,

                      *Plaintiff-Appellant*,

                      v.                                        No. 14-2167

COUNTY OF MONROE, COUNTY OF MONROE
CHILDREN'S CENTER, MICHAEL MARINAN,
Director,

                      *Defendants-Appellees*.

───────────────────────────────────────────

For Plaintiff-Appellant:          Melvin Bressler, Pittsford, NY.

For Defendants-Appellees:     Matthew D. Brown, Senior Deputy County Attorney, *for*
                                            Michael E. Davis, County Attorney for Monroe County,
                                            Rochester, NY.

Appeal from the United States District Court for the Western District of New York (Geraci, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Craig McFadden appeals from the district court's entry of judgment against him following a jury trial on his claims for hostile work environment and retaliation under 42 U.S.C. § 1981 and Title VII. For the reasons discussed herein, we AFFIRM the judgment of the district court. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

McFadden, a supervising child care worker at the County of Monroe Children's Center (the "Center") until his termination in 2008, alleged that the defendants discriminated against him on the basis of race and retaliated against him for complaining about it. Defendants-Appellees County of Monroe (the "County") and Michael Marinan (the director of the Center) contended that McFadden was terminated because he violated a "Safety Plan" — implemented after McFadden was accused of assaulting a resident of the Center — that prohibited him from being alone with any resident of the Center unless absolutely necessary.[1] At the close of evidence at trial, the district court orally granted the defendants' motion brought under Federal Rule of Civil Procedure 50 to dismiss the County from McFadden's first cause of action for hostile work environment under 42 U.S.C. § 1981 and to dismiss Director Marinan from McFadden's third cause of action for retaliation under § 1981. The jury returned a verdict for the defendants.

---

[1] Although the Center appears on the docket as an appellee, McFadden stipulated to the dismissal of his claims against that defendant prior to trial.

On appeal, McFadden argues that the district court erred in granting the defendants' Rule 50 motion and that the district court's jury instructions were erroneous.[2]

"We review *de novo* the district court's grant of a Rule 50 motion." *Leopold v. Baccarat, Inc.*, 174 F.3d 261, 267 (2d Cir. 1999). Rule 50 permits a court to enter judgment as a matter of law in favor of a defendant "if, with respect to an issue essential to the plaintiff's case, there is no legally sufficient evidentiary basis for the jury to find in favor of the plaintiff." *Piesco v. Koch*, 12 F.3d 332, 340 (2d Cir. 1993).

To prevail on a § 1981 discrimination claim brought against a municipality, such as the County, "the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom." *Patterson v. Cty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004). The district court properly dismissed the County from McFadden's first cause of action for hostile work environment under § 1981 because no such evidence had been adduced at trial. McFadden does not even attempt to contest that determination, which is fatal to his appeal in this regard.

The district court dismissed Director Marinan from McFadden's third cause of action for retaliation under § 1981 because it was undisputed that he lacked authority to terminate McFadden. Lack of authority to terminate or discipline a subordinate is not dispositive, however, because an individual may be held liable for retaliation under § 1981 "if that individual is 'personally involved in the alleged deprivation.'" *Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015) (quoting *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004)). But even assuming that Director Marinan was sufficiently personally

---

[2] The defendants argue that we should dismiss McFadden's appeal because it is "vague" and "unspecified." While this position is not without some merit, we do not find that McFadden's arguments are so unascertainable as to warrant the exercise of our discretion to dismiss the appeal on this ground. *See, e.g.*, *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) (per curiam) ("Appellant's Brief is at best an invitation to the court to scour the record, research any legal theory that comes to mind, and serve generally as an advocate for appellant. We decline the invitation.").

involved in the alleged adverse employment actions to give rise to potential liability, McFadden points to no evidence that Director Marinan acted at any point in time with the requisite intent to retaliate against McFadden for engaging in protected activities. *See Cromwell Assocs. v. Oliver Cromwell Owners, Inc.*, 941 F.2d 107, 111 (2d Cir. 1991) ("We may . . . affirm on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely."). Racial animus alone is not sufficient to support a retaliation claim; the defendant must have retaliated *because* the plaintiff engaged in a protected activity such that "a causal connection exist[s] between plaintiffs' protected activity and the adverse action taken by defendants." *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 105 (2d Cir. 2001). There was insufficient evidence to support such a finding here.[3]

McFadden also argues that the district court erred in failing to charge the jury on a "cat's paw" theory of liability and further appears to argue that the district court should have charged the jury that "a retaliation plaintiff may also satisfy the causation or motive element by presenting a convincing mosaic of circumstantial evidence that would support the inference that a retaliatory animus was at work." *Smith v. Bray*, 681 F.3d 888, 901 (7th Cir. 2012) (internal quotation marks omitted).

"In general, we review challenges to jury instructions in civil cases *de novo*, 'and will grant a new trial if we find an error that is not harmless.'" *Rasanen v. Doe*, 723 F.3d 325, 331 (2d Cir. 2013) (quoting *Sanders v. New York City Human Res. Admin.*, 361 F.3d 749, 758 (2d

---

[3] For this reason, we need not reach McFadden's argument that Director Marinan could have been held liable on a "cat's paw" theory of liability. *See Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 272 (2d Cir. 2016) (describing cat's paw liability as "refer[ring] to a situation in which an employee is fired or subjected to some other adverse employment action by a supervisor who himself has no discriminatory motive, but who has been manipulated by a subordinate who does have such a motive," such that the subordinate's motive "may then be imputed to the employer and used to hold the employer liable" (internal quotation mark omitted)).

Cir. 2004)). "If, however, the challenging party failed to object to the charge at trial, we review for plain error . . . ." *Id.* at 332. Federal Rule of Civil Procedure Rule 51 requires parties to "stat[e] distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c).

In the written submission that McFadden points to as conveying his objection, McFadden's counsel did not object to any particular aspect of the proposed charge or request the inclusion of any particular instruction, but instead asked the district court "to reconsider its proposed charge, and allow the jury to consider the liability respectively of the County in cause one and Mr. Marinan in cause three." App. 41. In other words, McFadden was not objecting to the jury instructions so much as he was asking the district court not to grant the defendants' Rule 50 motion. While McFadden's submission vaguely gestured to the instructions he now contends the district court should have issued, his submission did not meet the standard of Rule 51. Accordingly, we review the district court's instructions for plain error.

Here, any error associated with failing to charge the jury on a cat's paw theory of liability was not plain, as the Second Circuit had "neither accepted nor rejected the cat's paw approach" at the time of the jury charge. *Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 272 (2d Cir. 2016) (quoting *Nagle v. Marron*, 663 F.3d 100, 118 (2d Cir. 2011)) (internal quotation mark omitted); *see United States v. Irving*, 554 F.3d 64, 78 (2d Cir. 2009) ("An error is 'plain' if the ruling was contrary to law that was clearly established by the time of the appeal.").

To the extent McFadden is claiming that the district court should have instructed the jury that "a retaliation plaintiff may also satisfy the causation or motive element by presenting a convincing mosaic of circumstantial evidence that would support the inference that a retaliatory animus was at work," the district court committed no error, let alone plain error. *Bray*, 681 F.3d at 901. The Seventh Circuit recently held that the "convincing mosaic" metaphor does not

5

constitute a "legal test of any kind," and warned that "any decision of a district court that treats this phrase as a legal requirement in an employment-discrimination case is subject to summary reversal." *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 764–65 (7th Cir. 2016). In any event, the district court properly instructed the jury that circumstantial evidence is of equal value to direct evidence, and that McFadden could prove that the defendants were motivated by an unlawful purpose by presenting circumstantial evidence to that effect.

We have considered McFadden's remaining arguments on this appeal and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK