22-3109-cv
*Genomma Lab USA, Inc. v. Carlos Carruitero*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty-three.

PRESENT:
> **AMALYA L. KEARSE,**
> **GUIDO CALABRESI,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*

_____

**Genomma Lab USA, Inc.**

> *Plaintiff-Counter-*
> *Defendant-Appellee,*

> v.                                                                 **No. 22-3109-cv**

**Carlos Carruitero,**

> *Defendant-Counter-*
> *Claimant-Appellant,*

Prestige Universal Media LLC,

> *Defendant-Counter-Claimant,*

Genomma Lab Internacional, S.A.B. de C.V.,

> *Third-Party-Defendant-Counter-Defendant,*

Venus America Corporation

> *Defendant-Third-Party-Plaintiff-Counter-Claimant.*

_____

**FOR PLAINTIFF-COUNTER-DEFENDANT-APPELLEE:**
Jack A. Gordon, Joshua B. Katz, Kent, Beatty & Gordon, LLP, New York, NY.

**FOR DEFENDANT-COUNTER-CLAIMANT-APPELLANT:**
Richard Siegmeister, Richard Siegmeister, P.A., Miami, FL.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is

**AFFIRMED**.

Defendant-Counter-Claimant-Appellant Carlos Carruitero (Appellant) appeals from the district court's November 10, 2022 judgment permitting Plaintiff-Counter-Defendant-Appellee Genomma Lab USA, Inc. (Genomma) to pierce the corporate veil to hold Appellant personally liable for a judgment entered against Defendant Venus America Corporation (Venus). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

## BACKGROUND

In 2014, Genomma brought suit against Venus alleging that Venus had breached the terms of an advertising agreement. During discovery for the lawsuit, Genomma learned that Appellant, who owned and operated Venus, had transferred significant amounts of assets out of Venus without consideration. At Appellant's direction, Venus issued checks totaling over $9 million written by his wife, who neither "inquir[ed] as to, [n]or kn[ew] the purpose behind, the transfers" to Appellant's shell company Prestige Universal Media LLC (Prestige Media). Appendix at 8. Genomma amended its complaint to recover fraudulent transfers and to pierce the corporate veil in order to hold Appellant personally liable for any

3

judgment it would obtain from Venus.

Following a jury trial in November 2019, Genomma obtained a judgment against Venus for an amount totaling $26,012,816 on its breach of contract claim. After a two-day bench trial focused on the veil piercing issue, the district court made findings including the above and concluded that Florida law permits Plaintiff to pierce Venus's corporate veil and recover judgment from Appellant. Appellant seeks to appeal the district court judgment permitting veil piercing.

## DISCUSSION

We conclude that Appellant's brief fails to comply with the mandatory requirements of Fed. R. App. P. 28(a). An appellate brief must include "a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record." Fed. R. App. 28(a)(6). The brief must also include an "argument, which must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. 28(a)(8). As we have emphasized, "[t]hese requirements are mandatory." *Sioson v. Knights of Columbus*, 303 F.3d 458, 459 (2d Cir. 2002).

Appellant's brief lacks an adequate description of the factual or procedural history of the case. To the extent that the brief contains any relevant factual or procedural history of the case, it is copied and pasted from the district court's opinion. These passages are also confusingly mislocated in Appellant's argument section, which is supposed to be devoted to Appellant's legal contentions on appeal.

Crucially, Appellant's brief also fails to raise a single coherent legal argument for reversing the district court's conclusions. "To make a legal argument is to advance one's contentions by connecting law to facts . . . ." *Sioson*, 303 F.3d at 460. While Appellant's brief contains a section titled "Argument," most of this section consists of passages copied and pasted from the district court's opinion with Appellant's "interlineated underlined comments" inserted following passages disputed by Appellant. Appellant's Br. at 4.

These underlined comments are conclusory, undeveloped, and at times unintelligible. For example, in reference to the district court's finding that Appellant created his shell company Prestige Media to interpose as an intermediary company, Appellant states: "Error. Plaintiff or parent of Plaintiff aware of Prestige, their complaint stems only from the testimony at the Carruitero

5

Trial after using the services of the Defendants and his and it's international business sophistication over a year later found out that they could get it cheaper by going around defendants that they cried foul." Appellant's Br. at 11. To the extent that this statement raises an argument, it provides no support, citation to the record, or reasoning. Similarly, another comment, in response to a factual finding of the district court, contains only two words: "Also unsubstantiated." Appellant's Br. at 8.

The remainder of Appellant's brief fares no better. The headings in what appears to be Appellant's legal argument section indicate that he wishes to argue on appeal that the district court erred by finding Appellant liable for breach of contract and permitting veil piercing against Appellant. But these discussions do not contain the applicable standard of review. While Appellant cites to some case law authority, he neglects to apply the case law to facts to raise an argument for reversing the district court's conclusions. Appellant also confusingly asserts that certain contractual terms were undefined, there is no record evidence of certain transactions, and Genomma was not a party to the agreement subject to the breach of contract dispute. Appellant's "cursory, conclusory references do not present for appellate review the question of whether the district court properly" reached

6

its conclusions. *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 107 (2d Cir. 2012).

Without "the requisite combination of authorities and putative facts," *Sioson*, 303 F.3d at 460, we cannot discern what Appellant proposes as the legal basis for us to reverse the district court. *See Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) ("A reasonable reader of the Brief is left without a hint of the legal theory proposed as a basis for reversal."). These discussions are "tantamount to an invitation for us to scour the record, research any legal theory that comes to mind, and serve generally as an advocate for appellant." *Sioson*, 303 F.3d at 460 (cleaned up). "But that is simply not our job, at least in a counseled case." *Id.*

Parties seeking judicial review are required to present their arguments and to support them with citations to relevant legal authority and record evidence. *See* Fed. R. App. P. 28(a). When an "issue is adverted to only in a perfunctory manner, unaccompanied by any effort at developed argumentation, it must be deemed waived." *In re Demetriades*, 58 F.4th 37, 54 (2d Cir. 2023) (cleaned up). This is particularly true for a brief prepared by an attorney. *See Sioson*, 303 F.3d at 460. Because appellate counsel has failed to raise any developed argument, we

deem Appellant's arguments on appeal waived.

*   *   *

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court