23-7568-cv (Con); 23-7570-cv (Con)
*Matthews v. N.Y. State Workers Comp. Bd.; Falgado*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand twenty-six.

PRESENT:

> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

_____

ARTHUR MATTHEWS,

> *Plaintiff-Appellant*,

> v.                                                          No. 23-7568 (Con)

NEW YORK STATE WORKERS
COMPENSATION BOARD,

*Defendant-Appellee.*

_____

ARTHUR MATTHEWS,

        *Plaintiff-Appellant,*

        v.                    No. 23-7570 (Con)

ESPRERE FALGODO, LANDSMAN INC.,

        *Defendants-Appellees.**

_____

**For Plaintiff-Appellant:**        Arthur Matthews, *pro se*, Rochester, NY.

**For Defendants-Appellees:**        No Appearance.

Consolidated appeal from judgments of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeals from the judgments of the district court are **DISMISSED**.

---

* Plaintiff-Appellant Arthur Matthews filed four related appeals before us, which were consolidated. *See Matthews v. N.Y. State Workers Comp. Bd.*, No. 23-7568, Dkt. 22. In addition to the two appeals being disposed of in this order, he also filed *Matthews v. Landsman Inc.*, No. 23-7545 and *Matthews v. Cox*, No. 23-7562. Those two appeals were dismissed due to procedural defaults. *See Landsman Inc.*, No. 23-7545, Dkts. 27, 29; *Cox*, No. 23-7562, Dkts. 9, 26. The Clerk of Court is respectfully directed to amend the official caption in each case to conform to the applicable caption above.

Arthur Matthews, proceeding *pro se*, appeals from the district court's judgments in a consolidated case dismissing his two actions for failure to prosecute under Federal Rule of Civil Procedure 41(b) and, in the alternative, as frivolous. With respect to the latter holding, the district court noted that Matthews's claims were "difficult to make sense of" and observed that his responses to various orders to show cause were "unintelligible." *Matthews v. N.Y. State Workers Comp. Bd.*, No. 21-cv-6336 (W.D.N.Y. Oct. 4, 2023), Dist. Ct. Doc. No. 6 at 3. Matthews's arguments on appeal are equally difficult to follow and, more importantly, fail to comply with the requirements of Federal Rule of Appellate Procedure 28(a).

Rule 28(a) explains that an "appellant's brief must contain" a "jurisdictional statement"; a "statement of the issues presented for review"; a "concise statement of the case"; a "succinct, clear, and accurate [summary] of the arguments"; and an intelligible argument section. Fed. R. App. P. 28(a). "These requirements are mandatory," and we may dismiss an appellant's suit if he has "filed a noncompliant brief." *Sioson v. Knights of Columbus*, 303 F.3d 458, 459–60 (2d Cir. 2002).

Matthews's brief falls short of the Rule 28(a) requirements on almost every level. It does not set out a statement of the issues presented for review, a concise statement of the cases being appealed, or an intelligible argument section that identifies his arguments and the reasons supporting them. As with his complaints below, it is difficult to discern what, if any, federal causes of action Matthews is attempting to assert, much less the bases for his appeals of the district court's judgments dismissing those complaints. And while we "afford[] some latitude" to *pro se* parties, *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998), "even a litigant representing himself is obliged to set out identifiable arguments in his principal brief," *Terry v. Incorporated Village of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) (internal quotation marks omitted). Matthews does not. In essence, he "invit[es] [us] to scour the record, research any legal theory that comes to mind, and serve generally as an advocate." *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999). That is not our role, and we decline to do that here.

*     *     *

Because Appellant's brief fails to comply with the requirements of Rule 28, we **DISMISS** the consolidated appeal for failure to comply with the requirements of Rule 28(a).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court