SUMMARY ORDER

Petitioners, all natives and citizens of Malaysia, seek review of a July 24, 2008 *283 order of the BIA affirming the June 25, 2007 decision of Immigration Judge (“IJ”) Joanna Miller Bukszpan denying Petitioners’ applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Woo, Chong, Foo, Woo, Nos. A 79 265 332/352/353/354 (B.I.A. July 24, 2008), aff'g Nos. A 79 265 332/352/353/354 (Immig. Ct. N.Y. City June 25, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA .affirms the IJ’s decision in some respects but not others, this Court reviews the IJ’s decision as modified by the BIA decision, ie., minus the arguments for denying relief that were rejected by the BIA. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As a preliminary matter, because Petitioners failed to claim before the BIA that they feared persecution at the hands of the Malaysian government, we decline to address that unexhausted claim. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007). The BIA found that Petitioners failed to demonstrate past persecution because the sexual assaults to which Chong testified were alleged criminal acts that occurred in the United States, not Malaysia. The BIA further found that the threats made against Petitioners did not, cumulatively, amount to persecution. Although Petitioners assert that the BIA erred in upholding the finding by the IJ that they did not suffer past persecution, they make no specific argument in support of that concluso-ry assertion. Accordingly, we deem any challenge to the agency’s past persecution finding waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
With regard to the Petitioners’ alleged fear of future persecution by the followers of the True Buddha School, their membership in which allegedly led to the sexual attacks on Chong by one of its leaders, the IJ found that they failed to demonstrate a well-founded fear of persecution because: (1) the prior threats against them were not sufficiently severe to constitute persecution; and (2) the threats and harassment they endured were not made by the Malaysian government, and there was no indication that the government was unable or unwilling to protect them. Although Petitioners argue in their brief that the Malaysian government’s unwillingness to protect them is “obvious” based on the background evidence indicating that the True Buddha School is popular and that the Malaysian police are corrupt, they cite no record evidence in their brief supporting that assertion. See Fed. R.App. P. 28(a)(9)(A). Petitioners’ argument lacks merit because they point to no evidence compelling a conclusion contrary to that of the agency. See Manzur, 494 F.3d at 289; see also Sioson v. Knights of Columbus, 303 F.3d 458, 460 (2d Cir.2002).
Because Petitioners waived any challenge to the IJ’s finding that they failed to demonstrate past persecution and substantial evidence supports the IJ’s finding that they failed to demonstrate a well-founded fear of persecution, the agency properly denied their application for asylum. See 8 U.S.C. § 1101(a)(42). We therefore do not address the agency’s alternative bases for denial.
Because Petitioners were unable to show the objective likelihood of persecution *284 needed to make out an asylum claim, they were necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Them CAT claim must also necessarily fail because it is predicated upon the same facts as their asylum and withholding claims. See Kyaw Zwar Tun v. INS, 445 F.3d 554, 567 (2d Cir.2006) (holding that torture is “something more severe than the kind of treatment that would suffice to prove persecution”).
For the foregoing reasons, the petition for review is DENIED.