**Fouad YACOUB, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

**No. 08–3053–ag.**

United States Court of Appeals, Second Circuit.

July 20, 2009.

Mario DeMarco, Port Chester, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Keith I. McManus, Senior Litigation Counsel, Timothy G. Hayes, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

Attorney General Michael B. Mukasey as the respondent in this case.

PRESENT: JON O. NEWMAN, B.D. PARKER and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Fouad Yacoub, a native and citizen of Syria, seeks review of the May 20, 2008 order of the BIA affirming the January 29, 2008 decision of Immigration Judge ("IJ") Michael W. Straus denying his motion to reopen. *In re Fouad Yacoub*, No. A79 076 935 (B.I.A. May 20, 2008), *aff'g* No. A79 076 935 (Immig. Ct. Hartford Jan. 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements that decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's denial of a motion to reopen for abuse of discretion. *See Azmond Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). We note that Yacoub has waived any challenge to the agency's denial of his motion insofar as he sought to pursue adjustment of status. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

Where it was undisputed that Yacoub's January 2008 motion to reopen was filed over three years after the IJ's August 2004 decision, the agency properly observed that the motion was untimely, unless Yacoub established that he was newly eligible for asylum based on changed circumstances arising in Syria. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.23(b)(1), (b)(4)(i). Yacoub's challenge to the agency's finding that he failed to demonstrate that conditions have materially changed in Syria amounts to an assertion that "[m]ore arrests, disappearances and deaths have occurred" since his 2004 hearing before the IJ. He does not elaborate, and does not support this statement with citations to the record evidence or any legal authority. *See* Fed. R.App. P. 28(a)(9)(A) (providing that a brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *see also Sioson v. Knights of Columbus*, 303 F.3d 458, 459 (2d Cir.2002) (observing that "[t]o make a legal argument is to advance one's contentions by connecting law to facts"). More importantly, as the agency observed, Yacoub fails to explain the relationship between the alleged increase in "arrests, disappearances and deaths" and his fear of persecution on account of his religion or imputed political opinion. Because Yacoub's brief offers us no reason to conclude otherwise, we find that the BIA's denial of his motion as untimely was not an abuse of discretion. *See Azmond Ali*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DENIED as moot.