SUMMARY ORDER
Petitioner Juniarti Iskandar (“petitioner” or “Iskandar”), a native and citizen of Indonesia, seeks review of an April 28, 2008 order of the BIA, affirming the May 30, 2006 decision of an immigration judge (“IJ”), which pretermitted her application for asylum and denied her application for withholding of removal. In re Iskandar, *575 No. A98 420 343 (B.I.A. Apr. 28, 2008), aff'g No. A98 420 343 (Immig. Ct. N.Y. City May 30, 2006). We assume the parties’ familiarity with the factual and procedural history of the case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect the Court’s ultimate conclusion. See Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the agency’s factual findings under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We find no error in the agency’s conclusion that Iskandar failed to meet her burden of proof on her application for withholding of removal. The agency’s finding that Iskandar had not suffered past persecution on account of her Chinese ethnicity or Buddhist religion is supported by the record. See Kambolli v. Gonzales, 449 F.3d 454, 457 (2d Cir.2006) (“Persecution does not encompass all treatment that our society regards as unfair, unjust or even unlawful or unconstitutional.” (brackets and internal quotation marks omitted)). In arguing the contrary, Iskandar contends that the agency failed to engage in a cumulative analysis, relying on this Court’s decision in Manzur v. DHS, 494 F.3d 281 (2d Cir.2007). In Manzur, however, we held that remand was required because the IJ’s analysis was “inadequate for us to determine whether he properly considered the petitioners’ claims in the aggregate, and his individual analysis of several of the alleged incidents of harm contains both legal and factual errors.” Id. at 290. Here, there is no indication that the agency considered the incidents individually rather than cumulatively and, in fact, the BIA expressly stated that it had considered their “cumulative effect.”
The agency also did not err in concluding that Iskandar failed to demonstrate a clear probability of persecution in Indonesia. See 8 C.F.R. § 1208.16(b). As the agency specifically noted, the United States Department of State’s 2003 Country Report on Indonesia indicates that the ethnic Chinese are the largest non-indigenous group in Indonesia and play a major role in the economy. In addition, the IJ relied on the Country Report’s statement that ethnic Chinese Buddhists are not targeted for persecution in Indonesia.
While Iskandar contends that she has shown a well-founded fear based on the “one hundred sixty-one pages” of background material she submitted, she fails to cite any portions of the record that establish a clear probability that she would be persecuted if returned to Indonesia. Neither this Court nor the agency are under any obligation to parse the record to create an argument for the petitioner that she has failed to make for herself. See Sioson v. Knights of Columbus, 303 F.3d 458, 459-60 (2d Cir.2002) (noting that it is not the Court’s function to “form an [appellant’s] argument for him, by looking into the record to document the ‘facts’ ... and then examining various combinations of these facts in the light of the legal doctrines he ... mentions”). Highlighting evidence supporting her argument was particularly important given that her family- *576 also ethnic Chinese and Buddhists — remain in Indonesia unharmed, undercutting her argument that she is likely to face persecution. See Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant’s mother and daughters continued to live unharmed in petitioner’s native country, claim of well-founded fear was diminished). Therefore, the BIA properly found that Iskandar did not show a likelihood of persecution. Cf. Santoso v. Holder, 580 F.3d 110, 112-13 (2d Cir.2009) (noting that Indonesia is a nation state composed of approximately 6000 inhabited islands).[1]
CONCLUSION
We have considered all of the petitioner’s arguments and find them to be without merit. For the foregoing reasons the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED.

. Petitioner urges us to require a lesser showing of risk of persecution based on her status as a member of a “disfavored group” — namely, ethnic Chinese or Buddhists in Indonesia. Her reliance on Sael v. Ashcroft, 386 F.3d 922, 925 (9th Cir.2004), is misplaced, however, because that case described the burden of proof for an asylum claim, which is different, and lower, than the standard that applies to a claim for withholding of removal. See Kyaw Zwar Tun v. U.S. Immigration & Naturalization Serv., 445 F.3d 554, 564-65 (2d Cir.2006). Moreover, we have never adopted Sael even with respect to claims for asylum.