**Alec Jeffrey MEGIBOW, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 04–3210.

United States Court of Appeals, Second Circuit.

Dec. 28, 2005.

Anthony Miles Bentley, New York, New York., for Appellant.

Anthony T. Sheehan, Attorney, Tax Division, United States Department of Justice (Eileen J. O'Connor, Assistant Attorney General, Jonathan S. Cohen, Attorney, on the brief), Washington, D.C, for Appellee.

Present: Hon. Thomas J. MESKILL, Hon. Sonia SOTOMAYOR, Circuit Judges.*

UPON DUE CONSIDERATION it is hereby ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED.

Petitioner–Appellant Alec Megibow ("appellant") appeals from a February 19, 2004 decision of the United States Tax Court (Wherry, J.), finding deficiencies in income tax due under § 6662(a) of the Internal Revenue Code, 26 U.S.C. § 6662(a). Appellant's motion to vacate or revise the decision was denied. We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We assume the parties' familiarity with the facts of the case, its relevant procedural history, and the issues on appeal.

Fed. R.App. P. 28(a) requires, *inter alia,* that an appellant's brief include an argument, which "must contain ... [an] appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." "To make a legal argument is to

---

\* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York was originally scheduled to sit by designation but recused himself prior to oral argument. Because the two remaining judges are in agreement, a two judge panel decided this case. *See* 2d Cir. R. § 0.14(b) (interim rule).

advance one's contentions by connecting law to facts." *Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir.2002). Accordingly, appellate counsel is held "to a standard that obliges a lawyer to include his most cogent arguments in his opening brief, upon pain of otherwise finding them waived." *McCarthy v. SEC*, 406 F.3d 179, 186 (2d Cir.2005).

Notably absent from appellant's brief is any argument that the tax court's decision was incorrect on the merits. Appellant vaguely challenges the procedural fairness of the proceedings below. In lieu of an argument, however, counsel has provided this Court with pages of Supreme Court precedent without any application of the law to the facts of this case. Appellant's excursion into the tax court's jurisdiction and the role of its special trial judges for almost twenty pages of his brief appears to argue that Judge Wherry is a Special Trial Judge, rather than a Tax Court Judge. Appointed by President Bush on April 23, 2003, Judge Wherry is most assuredly a Tax Court Judge, a fact which was available in the public record at all relevant times.

As to the issue of procedural due process, appellant labels a single case, quoted at great length, the "Supreme Court Decision Governing Everything," but does not tell us how it applies to the facts of this case. Despite Judge Wherry's first grant of an extension for the filings of appellant's opening and reply briefs, appellant argues that the court's denial of his second motion for an extension was influenced by an *"ex parte* communication" from the government, i.e., the government's brief in opposition. This contention is wholly without merit; the record clearly indicates appellant's counsel was sent a copy of the allegedly concealed brief the same day it was filed with the court.

Appellant also fails to challenge the merits of the court's denial of petitioner's motion for summary judgment. Contrary to appellant's contentions, the court did not refuse to file petitioner's motion in violation of a procedural rule, but rather denied the motion in its opinion because "the purposes of summary judgment would not be served by a ruling thereof." Because appellant does not challenge this opinion on the merits, he has waived any challenge to its correctness on appeal.

Where appellant has been represented by counsel throughout these proceedings, it is "not our obligation to ferret out a party's arguments. That, after all, is the purpose of briefing." *McCarthy*, 406 F.3d at 186. Because a "manifest injustice" to the appellant does not seem likely to occur, we are not "inclined to overlook [appellant's] failure to properly raise an issue on appeal." *Id.* Accordingly, appellant has waived any substantive arguments on appeal and the case is dismissed.

We feel obligated to note our serious concerns about the quality of representation provided by the petitioner's attorney. We admonish counsel to follow the briefing requirements imposed pursuant to Federal Rule of Appellate Procedure 28(a), and we remind him of his professional duty to provide quality representation to his clients. Continuing conduct of this nature could subject counsel to sanctions by this Court.

For the foregoing reasons, the appeal is DISMISSED.