**Bardul RIZVANI, Zaleia Rizvani, Proshten Rizvani, Sarazhat Rizvani, Juditah Rizvani, Petitioners,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

No. 07–4265–ag.

United States Court of Appeals, Second Circuit.

May 27, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Glenn T. Terk, Wethersfield, CT, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Angela N. Liang, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioners, Bardul Rizvani, Zaleia Rizvani, Proshten Rizvani, Sarazhat Rizvani, and Juditah Rizvani, natives and citizens of Macedonia and ethnic Albanians, seek review of a September 7, 2007 order of the BIA affirming the March 2, 2006 decision of Immigration Judge ("IJ") Michael W. Straus denying lead applicant Bardul Rizvani's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bardul Rizvani,* No. A 98 593 724 (B.I.A. Sept. 7, 2007), *aff'g* Nos. A 98 593 724/98 593 725/98 593 726/98 593 727/98 593 728 (Immig. Ct. Hartford Mar. 2, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. United States Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We will vacate and remand for new findings, however, if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 400–01 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ We conclude that Rizvani's brief failed to challenge the agency's finding that, even assuming he had shown past persecution, "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in [Macedonia]." 8 C.F.R. § 1208.13(b)(1)(i)(A). Rizvani states only that "political circumstances in Macedonia remain unchanged since Petitioner fled his native country" and that "[t]here is no evidence on the record to establish that the Petitioner is in any less danger in Macedonia than he was while he resided there." Petitioners' Br. at 6. These conclusory statements are insufficient, without more, to raise an issue for consideration by the court, *see Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005) (concluding that a "single conclusory sentence"

**56**

is insufficient to raise a claim), and later portions of the brief, perhaps inadvertently, only recite applicable law, *see Sioson v. Knights of Columbus,* 303 F.3d 458, 460 & n. 1 (2d Cir.2002) (per curiam) (holding that brief that advanced only "doctrinal recapitulation" was inadequate and dismissing appeal).

Even if Rizvani adequately raised his challenge to the agency's finding of changed circumstances, we would reject the challenge because the record evidence, including Rizvani's and a witness's testimony regarding country conditions, does not compel a contrary conclusion. *See* 8 U.S.C. § 1252(b)(4)(B). The IJ properly relied on a report issued by the United States Department of State that found that while ethnic tensions remained, there was no evidence of widespread violence by police against ethnic Albanians. In addition, the IJ thoroughly reviewed the background materials and noted his review of them. Thus, the IJ's findings were sufficient for the purposes of our review and we find that they were supported by substantial evidence. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006) ("[W]here (as here) changed conditions evidently prevail in a country that is the subject of an appreciable proportion of asylum claims (and, as a result, we can safely assume that IJs have developed considerable expertise related to that country's current conditions), an immigration judge need not enter specific findings premised on record evidence when making a finding of changed country conditions under the INA.").

Similarly, assuming Rizvani preserved his CAT claim, that challenge to the IJ's decision falls short as well. The IJ found that country conditions had changed for the better and that Rizvani had presented no evidence that anyone in particular would seek to torture him if he were returned to Macedonia. Accordingly, the IJ's finding that Rizvani was less likely than not to be tortured as a matter of chance encounter with Macedonians generally, or targeted specifically, is supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioners' motion for a stay of removal in this petition is DISMISSED as moot.