SUMMARY ORDER

Vladimir Taraboshi, a native and citizen of Albania, seeks review of an August 7, 2008 order of the BIA affirming the May 16, 2006 decision of Immigration Judge (“IJ”) Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Vladimir Taraboshi, No. A 99 074 101 (B.I.A. Aug. 7, 2008), aff'g No. A 99 074 101 (Immig. Ct. N.Y. City May 16, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As a preliminary matter, the government correctly observes that Taraboshi fails to challenge the agency’s findings that: 1) he submitted insufficient corroborative evidence; and 2) there was no nexus between his family’s land dispute and a statutorily protected ground. Accordingly, Taraboshi has forfeited any challenge to these findings. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). They stand as valid bases for the agency’s denial of his application for relief. See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir.2008). As to the findings Taraboshi does challenge, each was proper.[1]
Substantial evidence supports the agency’s conclusion that conditions in Albania have fundamentally changed such that Taraboshi does not have a well-founded fear of persecution. Even if an applicant establishes that he suffered past persecution, the presumption of a well-founded fear that arises upon such a showing may be rebutted where the agency finds that there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in his country of nationality. 8 C.F.R. § 1208.13(b)(1). We have held that when making a changed country conditions finding with respect to a country, such as Albania, “that is the subject of an appreciable proportion of asylum claims,” the agency “need not enter specific findings premised on record evidence.” Hoxhallari v. Gonzales, 468 F.3d 179, 187 (2d Cir.2006). Indeed, the agency is well aware of the “salient historical events” occurring in such countries. See id.
Taraboshi fails to point to any specific evidence in the background materials to support his argument that there is a current “power struggle” between the Democratic Party and Socialist Party in Albania. Rather, in his brief, he refers generally to *103 all of the background materials on country conditions in Albania. Even though Taraboshi appears pro se, we will not scour the record in an attempt to find evidence to support his argument. See Sioson v. Knights of Columbus, 303 F.3d 458, 460 (2d Cir.2002).
Because we conclude there was no error in the agency’s changed country conditions finding, the agency properly denied Taraboshi’s application for asylum, withholding of removal, and CAT relief, where all three claims were based on the same factual predicate. See Hoxhallari, 468 F.3d at 187; see also Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner’s pending motion for a stay of removal as moot.

. The government urges us to refuse to construe Taraboshi's pro se brief broadly where it appears to have been "ghost written" by someone with legal training. We decline the government's invitation. Even interpreting Taraboshi's brief to raise the strongest arguments that they suggest, they fail. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir.2006).