SUMMARY ORDER

Petitioner, Marco Sudjita, a native and citizen of Indonesia, seeks review of a July 18, 2008 order of the BIA affirming the September 18, 2007 decision of Immigration Judge (“IJ”) Patricia A. Rohan denying Sudjita’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Sudjita, No. A 99 683 446 (B.I.A. Jul. 18, 2008), aff'g No. A 99 683 446 (Immig. Ct. N.Y. City Sept. 18, 2007). We assume the parties’ familiarity with the underlying-facts and procedural history in this case.
Where the BIA adopts the decision of the IJ and supplements the IJ’s decision, this court reviews the decision of the IJ as supplemented by the BIA. Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). This court reviews the agency’s factual findings under the substantial evidence standard. Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007); see also 8 U.S.C. § 1252(b)(4)(B). “We review de novo questions of law and the application of law to undisputed fact.” Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
The record supports the agency’s finding that Sudjita failed to demonstrate past persecution or a well-founded fear of persecution. As the agency found, nothing in the record indicates that Sudjita was subject to anything amounting to persecution where: (1) he acknowledged that he was never harmed on the basis of his religion and his family never encountered direct problems on any basis in Indonesia; and (2) the record contains no indication that he was harmed during the incidents he described where native Indonesians chased him, demanded money, called him “Chinese,” and threatened to cut him. See Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 341 (2d Cir.2006) (emphasizing that harm must be sufficiently severe, rising above “mere harassment”). Likewise, the agency properly found that Sudjita failed to establish a well-founded fear of persecution because no evidence indicates that he, individually, would be subjected to “suffering or harm” upon return to Indonesia. See Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005) (finding that a fear is not objectively reasonable if it lacks “solid support in the record” and is merely “speculative at best”).
Sudjita argues that he need not demonstrate an individual risk of harm because he established an ongoing pattern and practice of persecution against ethnic Chinese and Catholics in Indonesia. However, the United States Department of State reports in the record indicate that the Indonesian government has taken steps to quell interreligious violence. Moreover, Sudjita cites no record evidence in support of his conclusory assertion that a pattern or practice of persecution exists. See Fed. R.App. P. 28(a)(9)(A) (noting that a brief must contain “appellant’s contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies” (emphasis added)). Sudjita’s argument lacks merit *58 where he points to no evidence compelling a conclusion contrary to that of the agency. See Manzur, 494 F.3d at 289; see also Sioson v. Knights of Columbus, 303 F.3d 458, 460 (2d Cir.2002) (finding that this Court will generally decline to scour the record for evidence to support a party’s arguments where the party fails to cite record evidence doing so).
Because the agency properly found that Sudjita failed to demonstrate past persecution or a well-founded fear of persecution, it properly denied his application for asylum. See 8 U.S.C. § 1101(a)(42). Moreover, because Sudjita was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Because Sudjita has failed to challenge the agency’s denial of CAT relief before this Court, we deem any such claim to be waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 546 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).