08-5564-cv
Chukwurah v. Stop & Shop Supermarket Company

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty fifth day of November two thousand and nine.

PRESENT:

> ROGER J. MINER,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

VICTOR CHUKWURAH,

> *Plaintiff-Appellant,*

v.                                                   No.08-5564-cv

STOP & SHOP SUPERMARKET COMPANY LLC, GERRY RUSSO, MICHAEL SMITH, STEVE BALLIRANO, and JERRY BIDWELL

> *Defendants-Appellees.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

*The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

FOR PLAINTIFF-APPELLANT:     ANTHONY EMENGO, Anthony Emengo, P.C.
                             Williamsburg, NY


FOR DEFENDANTS-APPELLEES:     DANIEL B. KLEIN, Seyfarth Shaw LLP,
                             Boston, MA


Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).


**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.


Plaintiff-appellant Victor Chukwurah ("plaintiff" or "Chukwurah") appeals from a summary judgment of the District Court entered on October 24, 2008, in favor defendants-appellees, Stop & Shop Supermarket Company LLC ("Stop & Shop") and several of its managers. In the underlying action plaintiff asserted claims for: (1) discrimination based on race, national origin, color, and age pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Civil Rights Act of 1991, 42 U.S.C. § 1981, and the Connecticut Fair Employment Practices Act ("CFEPA"), Con. Gen. Stat. § 46a-60, *et seq.*; and (2) retaliatory discharge pursuant to Title VII, the CFEPA, and Connecticut common law of retaliatory discharge.

In a ruling from the bench, the District Court applied the familiar three-step burden shifting analysis from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973),[1] and held that (1) plaintiff failed to establish a *prima facie* case for discrimination because, in light of his poor performance reviews, he had not shown that his job performance was satisfactory and (2) in the alternative, even assuming plaintiff had established a *prima facie* case, he had not come forward with any evidence from which a reasonable jury could find that the nondiscriminatory reason given for his discharge was a pretext for discrimination. The District Court also dismissed Chukwurah's retaliation claims. With respect to his claim that defendants retaliated against him for joining a class action lawsuit under the Fair Labor Standards Act, the District Court noted that the adverse employment action Chukwurah complained of had actually occurred *before* he joined in the class action and, further, that there was no evidence that plaintiff's supervisors were aware of his participation in that lawsuit. With respect to his claim that defendants retaliated against him for filing a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), the District Court held that there was no evidence from which a reasonable jury could find that the stated reason for plaintiff's discharge was a pretext for retaliation.

---

[1]Although *McDonnell Douglas* concerned the burden and allocation of proof under Title VII, its framework is also applied to claims under 42 U.S.C. § 1981, *Hudson v. Int'l Bus. Machs. Corp.*, 620 F.2d 351, 354 (2d Cir. 1980), and the CFEPA, *see Brittell v. Dep't of Corr.*, 717 A.2d 1254, 1264 (Conn. 1998).

On appeal plaintiff argues primarily that the District Court erred in relying on the performance reviews prepared by defendants and in failing to recognize plaintiff's evidence that he was subjected to disparate treatment. We assume the parties' familiarity with the remaining factual and procedural history of the case.

Even assuming plaintiff established a *prima facie* case of discrimination, *see Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 91 (2d Cir. 2001) (holding that it was error to find that plaintiff had not established a *prima facie* case merely because employer was dissatisfied with plaintiff's performance and noting that "plaintiff must show only that he possesses the basic skills necessary for performance of the job" (internal quotation marks and brackets omitted)), we agree with the District Court that plaintiff failed to offer any evidence from which a reasonable jury could infer that the legitimate, nondiscriminatory reason for discharge offered by defendants—plaintiff's poor performance—was a pretext for discrimination. In the years prior to his termination, Chukwurah received consistently negative employment reviews. Those reviews characterized his performance as requiring improvement or less than competent. Although he asserts that some of the documents in his personnel file are of "dubious origin" and "recent fabrication[s]," *see* Appellant's Br. 23, Chukwurah himself signed most of the reviews that document his performance as being substandard. Moreover, he fails to identify any evidence that refutes defendants' characterization of his performance.[2]

Nor has plaintiff presented evidence of disparate treatment on account of a protected characteristic. Although he has presented evidence that he complained about the lack of training he received on a particular computer system, and evidence that he thereafter received only one day of training, Chukwurah offers no evidence, apart from his own opinion, that similarly situated employees outside a protected class received more training. *Cf. Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 19 (2d Cir. 1995) ("[Plaintiff] was not entitled to a trial based on his speculative assertions on matters as to which he admitted he had no knowledge and no evidence."); *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985) ("To allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial in all Title VII cases.").

---

[2] Our review is hindered by plaintiff's failure to provide citations to the record for many of the factual assertions in his brief, notwithstanding the requirements of Federal Rule of Appellate Procedure 28. *See* Fed. R. App. P. 28(a)(7) (An appellate brief *must* contain a "statement of facts relevant to the issues submitted for review with appropriate references to the record." ); *cf. Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir. 2002) ("Perhaps counsel for Appellant intends that we form an argument for him, by looking into the record to document the 'facts' posited in his 'statement of the case,' and then examining various combinations of these facts in the light of the legal doctrines he later mentions. But that is simply not our job, at least in a counseled case."). Moreover, many of the citations plaintiff does include contain no reference to page numbers in the appendix submitted. *See* Fed. R. App. P. 28(e) ("References to parts of the record contained in the appendix filed with the appellant's brief must be to the pages of the appendix.").

With respect to his claims for retaliatory discharge, Chukwurah asserts that he was subjected to adverse employment actions based, in part, on his decision to join a class action lawsuit against Stop & Shop. The undisputed record evidence, however, indicates that the relevant decision-makers with control over plaintiff's employment had no knowledge of his participation in the class action. Accordingly, Chukwurah has not established a *prima facie* case for retaliatory discharge based on his participation in that lawsuit. *See Collins v. N.Y. City Transit Auth.*, 305 F.3d 113, 118 (2d Cir. 2002) ("'To make out a prima facie case of retaliation, an employee must show . . . that the employer was aware of that activity . . . .'" (quoting *Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir. 1988)).

Plaintiff also maintains that his discharge was retaliation for his filing a CHRO complaint in July 2004, 11 months before his eventual termination. Even assuming Chukwurah has established a *prima facie* case for this claim, he once again fails to come forward with any evidence showing that Stop & Shop's legitimate, non-retaliatory reason for firing him—his poor performance—was a pretext for retaliation. *See Holt v. KMI-Continental, Inc.*, 95 F.3d 123, 130-31 (2d Cir. 1996) (affirming grant of summary judgment on claim for retaliatory discharge where "[d]efendant came forward with several legitimate reasons for the decision to fire plaintiff," including complaints about her performance and her inability to take direction from supervisors, and plaintiff "put forth no evidence to show that defendant's asserted reasons for the [decision] were pretextual.").

## CONCLUSION

We have considered all of plaintiff's arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

4