******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

GIUSEPPE CAPASSO ET AL. *v.* IAN
CHRISTMANN ET AL.
(AC 37211)

DiPentima, C. J., and Sheldon and Schuman, Js.

*Argued October 20, 2015—officially released February 23, 2016*

(Appeal from Superior Court, judicial district of New
Haven, Blue, J.)

*Laurence V. Parnoff*, with whom, on the brief, was
*Laurence V. Parnoff*, *Jr.*, for the appellants (plaintiffs).

*Eric P. Smith*, for the appellees (defendants).

*Opinion*

DiPENTIMA, C. J. The plaintiffs, Giuseppe Capasso and G. L. Capasso, Inc.,[1] appeal from the summary judgment rendered in favor of the defendants, Ian Christmann and Carolyn Christmann. On appeal, the plaintiffs claim that the court improperly rendered summary judgment on the basis that the plaintiffs' counsel failed to file an adequate opposition to the defendants' motion. Notwithstanding the plaintiffs' failure to comply with the court's clear and explicit directions, we conclude that the court failed to address the merits of the defendants' motion, and therefore improperly rendered summary judgment in this case. Accordingly, we reverse the judgment and remand the case for further proceedings.

The following facts and procedural history are relevant to this appeal. The plaintiffs commenced this action on August 7, 2009. On March 5, 2012, the plaintiffs filed a second revised complaint, the operative pleading in this case, setting forth six causes of action. In count one, the plaintiffs claimed that G. L. Capasso, Inc., is the tenant at 15 Oxford Street in New Haven and, since 1984, has used that property as a legal nonconforming use for its construction business, including overnight vehicle parking. The defendants reside at 475 Quinnipiac Avenue, which abuts one side of 15 Oxford Street. The defendants are associated with the Quinnipiac River Community Group that "purports to be a 'grassroots neighborhood action group that has been working to improve the quality of [life] for residents on both sides of the Quinnipiac River . . . .' "

The plaintiffs alleged that in January, 2009, the defendants disapproved of a fence constructed on 15 Oxford Street and began a series of steps to have it removed, including requests to have the city of New Haven intervene. After this effort proved unsuccessful, the plaintiffs claimed that the defendants "continued to attempt to force the removal of the fence . . . by initiating a public campaign of complaints against the [p]laintiffs regarding their use of the [15 Oxford Street]." This included claims and statements that the plaintiffs "were not good members of the community . . . violated the law . . . showed their disregard of the damage to the neighborhood by . . . installation of a fence . . . allowed and caused a deterioration of the environment . . . violated ordinances and permits . . . and . . . owned property potentially contaminated by petroleum products."

The plaintiffs further maintained that the defendants sought to have a special exception for the 15 Oxford Street property misinterpreted so as to prevent the plaintiffs from accessing it before 7 a.m. from Monday through Saturday and for 24 hours on Sunday.[2] They also alleged that the defendants conducted "a libelous

public campaign against the [p]laintiffs in [e]-mails and in the newspaper" by, inter alia, referring to the plaintiff's fence as a "spite fence" and accusing the plaintiffs of wrongful acts, such as violating zoning laws and the illegal storage and disposal of chemicals on the property. As a result of these actions, which were allegedly motivated by the defendants' desire to gain public attention, greed and "to extort the removal of the fence," the plaintiffs sought declaratory and injunctive relief, compensatory damages for loss of business, damage to business reputation, and punitive damages.

The remaining counts alleged tortious interference with prospective business relations, extortion,[3] intentional infliction of emotional distress, negligent infliction of emotional distress and a violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA). The defendants filed an answer to the plaintiffs' complaint on January 22, 2013, but did not raise any special defenses.[4]

After the case was assigned for trial, with jury selection scheduled to begin on June 27, 2014, the defendants filed a motion for permission to move for summary judgment. See Practice Book § 17-44.[5] The court granted the motion on April 28, 2014, over the plaintiffs' objection.

The defendants filed their motion for summary judgment and memorandum of law on May 23, 2014. They argued that they were entitled to summary judgment because "(1) none of the statements attributed to the defendants is defamatory as a matter of law; (2) in the absence of admissible evidence of pecuniary loss that was proximately caused by the defendants' statements, there can be no genuine issue of material fact and the plaintiffs' defamation claims fail as a matter of law; (3) in the absence of evidence of harm to the plaintiffs' respective reputations that was proximately caused by the defendants' statements, there can be no genuine issues of material fact and the plaintiffs' defamation claims fail as a matter of law; (4) given the absence of a genuine issue of material fact, the plaintiffs' 'tortious interference' claims fail as a matter of law; (5) given the absence of a genuine issue of material fact, plaintiff Giuseppe Capasso's 'intentional infliction of emotional distress' claim fails as a matter of law; (6) given the absence of a genuine issue of material fact, plaintiff Giuseppe Capasso's 'negligent infliction of emotional distress' claim fails as a matter of law; and (7) given the absence of a genuine issue of material fact, the plaintiffs' claim for alleged violations of CUTPA fails as a matter of law."

Attached to the defendants' memorandum of law were, inter alia: an affidavit from Ian Christmann; a copy of the March 12, 2009 article on the New Haven Independent website about the parties' dispute regarding the fence; a copy of the December, 1984 special

exception granted to Giuseppe Capasso for 15 Oxford Street; an excerpt from the deposition of Giuseppe Capasso; and copies of e-mail correspondence between the defendants and local officials concerning the plaintiffs' activities on the property.

The plaintiffs filed their opposition on June 13, 2014. Although they argued that genuine issues of material fact existed as to all of the plaintiffs' claims, and thus that summary judgment was not warranted as to any such count, the plaintiffs made no specific references to evidence in their objection. The plaintiffs attached, inter alia, e-mails from the Quinnipiac River Community Group and the article published on the New Haven Independent website.

At a hearing on July 7, 2014, the court noted that it had conducted a trial management conference in chambers. On the record after that conference, the court had requested that the plaintiffs submit a more detailed response to the defendants' motion for summary judgment. Specifically, the court stated that the plaintiffs' counsel had "graciously agreed to provide a more detailed response, primarily to help the court, because I need, among other things, citations—two things I'll put on the record. [First] *I need specific citation to record evidence on this motion for summary judgment*; otherwise, I'll be floundering. Second, *I think that your response needs to state with precision what the cause of action in the first count of your second revised complaint is*. Obviously, you retain the ability to submit any affidavits or documents or other materials with your—objection." (Emphasis added.)

On August 18, 2014, the plaintiffs filed affidavits from Carmine Capasso,[6] Edward Ciarleglio,[7] and Matthew Martino[8] in support of their opposition to the defendants' motion for summary judgment. On August 18, 2014, the plaintiffs also filed a supplemental memorandum in opposition to the defendants' summary judgment motion. Although the supplemental memorandum contained general references to the affidavits that previously had been filed by the plaintiffs, it did not contain specific citations to the evidence of record, as the court had instructed.

The court conducted a hearing on September 15, 2014. At the outset, it recounted its prior instructions to the plaintiffs' counsel to provide specific citations to evidence in the record and to identify specifically the cause of action set forth in count one of their complaint. The plaintiffs' counsel indicated that he had complied with all of these directives. After further inquiry, the court determined that the plaintiffs' counsel had not identified the cause of action in count one.[9] Turning to the matter of specific citations, the plaintiffs' counsel stated that there were affidavits and exhibits attached to his supplemental memorandum. The court rejected counsel's explanation as follows: "I ordered you to have

specific citations to record evidence so that I could—and not just a generalized reference to some pile of materials that you have submitted. The purpose of a brief particularly—in response to a motion for summary judgment that is fact-centered, particularly in a defamation case where the exact words are important, not just the implied words but the exact words, is to provide the court with specific citations to the record. I ordered you to do this. I did not want to embarrass you, I brought you in chambers, but I did order you to do this on the record. You have failed to do this, so I—you have failed to do the two things the court specifically required you to do, and I need to know why I should even consider your objection to this motion for summary judgment under these circumstances. Your philosophy seems to be judge, you do the work."

After further discussion, the court informed the plaintiffs' counsel that his supplemental memorandum of law opposing the motion for summary judgment was "completely inadequate  .  .  .  ."[10] The plaintiffs' counsel, however, maintained that he had complied with both of the court's instructions. The court then stated that it would take the matter on the papers, and concluded the hearing. Significantly, the court heard no argument on the merits of the motion for summary judgment.

Later that same day, the court issued a memorandum of decision in which it granted the defendants' motion "for the failure of its counseled opponents to submit an adequate brief following specific instructions to do so." It further explained in its decision that the plaintiffs' counsel had failed to comply with the two requirements it had imposed at the July 7, 2014 hearing. Relying on a case from the United States Court of Appeals from the Second Circuit,[11] the court declined to search the record for facts asserted in the plaintiffs' supplemental memorandum. This appeal followed.

As an initial matter, we set forth the relevant legal principles and our standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A party moving for summary judgment is held to a strict standard. . . . To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . *When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such*

*an issue. . . .* Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Citation omitted; emphasis added; internal quotation marks omitted.) *Marinos* v. *Poirot*, 308 Conn. 706, 711–12, 66 A.3d 860 (2013); see also *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578–79, 573 A.2d 699 (1990).

Before turning our attention to the dispositive issue, we address the plaintiffs' argument that the court's statements on July 7, 2014 did not constitute clear and explicit orders of the court. We carefully have reviewed the record and reject this contention of the plaintiffs' counsel. The trial court clearly and unambiguously stated on the record that the plaintiffs' counsel was to make specific citations to the record evidence in the opposition to the motion for summary judgment and to state precisely the cause of action set forth in count one of the operative complaint. The supplemental memorandum filed by the plaintiffs' counsel makes a number of references to the tort of defamation; however, it failed to comply with the explicit directive of the court to state precisely the cause of action set forth in count one of the operative complaint.[12] Further, the supplemental memorandum, despite the occasional passing reference to the affidavits submitted on behalf of the plaintiffs, did not comply with the court's instruction to provide specific citations to the record evidence.

The dispositive issue, however, remains whether the court properly rendered summary judgment in the present case. At the outset, we note that "[t]he motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." (Internal quotation marks omitted.) *Provencher* v. *Enfield*, 284 Conn. 772, 793, 936 A.2d 625 (2007); see also *Stuart* v. *Freiberg*, 316 Conn. 809, 822, 116 A.3d 1195 (2015). Summary judgment is appropriate when there is no genuine issue of material fact; see *Darin* v. *Cais*, 161 Conn. App. 475, 480,      A.3d (2015); or when "the complaint fails to set forth a cause of action and the defendant can establish that the defect could not be cured by repleading." *Larobina* v. *McDonald*, 274 Conn. 394, 401, 876 A.2d 522 (2005). The moving party is held to a strict standard and bears the burden of proof. *Darin* v. *Cais*, supra, 161 Conn. App. 480; see also *Ferri* v. *Powell-Ferri*, 317 Conn. 223, 228, 116 A.3d 297 (2015).

The moving party bears the burden of establishing that summary judgment is appropriate. "*When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue.*" (Emphasis added; internal quotation marks omitted.) *Darin* v. *Cais*, supra, 161 Conn. App. 480. Indeed, our Supreme Court has recognized "it is only [o]nce [the moving party's] burden in establishing his entitlement to summary judgment is met [that] the burden shifts to [the nonmoving party] to show that a genuine issue of fact exists justifying a trial. . . . Summary judgment should be denied where the affidavits of the moving party do not affirmatively show that there is no genuine issue of fact as to all of the relevant issues of the case. . . . Accordingly, the rule that the party opposing summary judgment must provide evidentiary support for its opposition applies only when the moving party has first made out a prima facie case for summary judgment. . . . [I]f the party moving for summary judgment fails to show that there are no genuine issues of material fact, the nonmoving party may rest on mere allegations or denials contained in his pleadings." (Citations omitted; internal quotation marks omitted.) *Romprey* v. *Safeco Ins. Co. of America*, 310 Conn. 304, 320–21, 77 A.3d 726 (2013); see also *Brusby* v. *Metropolitan District*, 160 Conn. App. 638, 645–46, A.3d (2015) ("[w]hen documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue" [internal quotation marks omitted]). If the moving party demonstrates the nonexistence of material fact, only then is it incumbent on the nonmoving party to establish a factual predicate from which it can be determined, as matter of law, that a genuine issue of material fact exists. *Wadia Enterprises, Inc.* v. *Hirschfeld*, 224 Conn. 240, 247, 618 A.2d 506 (1992).

The trial court failed to address or consider whether the defendants had met their burden of establishing that they were entitled to summary judgment. The court instead rendered judgment in favor of the defendants because the plaintiffs' counsel had submitted an inadequate brief. Specifically, the court stated: "The motion for summary judgment now before the court is granted for the failure of its counseled opponents to submit an adequate brief following specific instructions to do so." In other words, the court effectively sanctioned the plaintiffs for failing to comply with its prior order.

Under these facts and circumstances, it was improper to grant summary judgment solely because the court determined that the opposition to the defendants' motion was inadequate. See, e.g., *Beers* v. *Bayliner*

*Marine Corp.*, 236 Conn. 769, 774, 675 A.2d 829 (1996) (summary judgment improperly granted because of intentional spoliation of evidence). Under our jurisprudence, the court was required to consider, in the first instance, whether the defendants, as the movants, had satisfied their burden of establishing their entitlement to summary judgment. If, and only if that burden was met, would the court have considered the plaintiffs' memoranda in opposition and supporting evidentiary submissions to determine if they raised genuine issues as to any facts material to the defendants' right to judgment in their favor. If the defendants had failed to meet their initial burden, it would not matter if the plaintiffs had not filed *any* response. See *Darin* v. *Cais*, supra, 161 Conn. App. 481–82. Summary judgment could not be rendered if the defendants failed to establish that there was no genuine issue as to any material fact. We conclude, therefore, that court improperly rendered summary judgment in favor of the defendants.

We are not unsympathetic to the difficulties that the trial court faced as a result of the failure of the plaintiffs' counsel to brief the case properly. It is the role of counsel, not the court, to advocate for counsel's client. Counsel is obligated to present the arguments and evidence in a competent manner so as to assist the court. See Rule 1.1 of the Rules of Professional Conduct.

The trial court alerted the plaintiffs' counsel to the deficiencies in his brief and gave him an opportunity to cure them. Counsel did not comply with the court's instructions. We do not condone the failure to comply with the court's instructions. We hold only that the trial court cannot grant summary judgment merely because the opposing party did not submit an adequate brief, but that the court must first determine that the moving party demonstrated that it is entitled to summary judgment based on the standards stated previously.

The judgment is reversed and case is remanded for further proceedings.[13]

In this opinion the other judges concurred.

[1] G. L. Capasso, Inc., a Connecticut corporation with its principal place of business in New Haven, is engaged in the restoration of residential, commercial and government property. Giuseppe Capasso, a licensed contractor, was the president of the corporation until December, 2012.

[2] The city of New Haven commenced a separate action seeking a temporary and permanent injunction requiring the plaintiffs to refrain from violating the terms of the special exception. *New Haven* v. *G. L. Capasso, Inc.*, 151 Conn. App. 368, 370, 96 A.3d 563 (2014). The trial court found that the plaintiffs had violated those conditions and issued a mandatory injunction ordering them to abide by the conditions. Id. On appeal to this court, we affirmed the judgment of the trial court. Id., 372.

[3] The operative complaint labeled this cause of action as "prima facie tort." In their supplemental memorandum of law opposing the defendants' motion for summary judgment, the plaintiffs clarified that the tort alleged in count three was extortion.

[4] On April 28, 2014, the defendants filed a request to amend their answer and raise four special defenses. Specifically, the defendant alleged that any statement concerning the plaintiffs (1) were matters of public importance, (2) were privileged opinions protected by the federal and state constitutions and (3) were true. They defendants also alleged that any injuries suffered

by the plaintiffs were caused by the actions of the editors and publishers of the newspaper, and not the defendants. Although the plaintiffs initially objected to the defendants' request, they subsequently withdrew their objection on May 11, 2014. The next day the plaintiffs filed another objection to the defendants' request. On May 27, 2014, Judge Blue postponed a ruling on the plaintiffs' objection, stating: "Given the imminence of trial, this matter is referred to the trial judge."

[5] Practice Book § 17-44 provides in relevant part: "In any action . . . any party may move for a summary judgment as to any claim or defense as a matter of right at any time if no scheduling order exists and the case has not been assigned for trial. . . . If no scheduling order exists but the case has been assigned for trial, a party must move for permission of the judicial authority to file a motion for summary judgment. . . ."

[6] Carmine Capasso stated that he is the son of Giuseppe Capasso and became the president of G. L. Capasso, Inc., in December, 2012. He further noted that as a result of the defendants' "defamatory statements, implications of wrongdoing and threats, the reputation of both [G. L. Capasso, Inc.] and [Giuseppe Capasso] were hurt and [G. L. Capasso, Inc.'s] business prospects were adversely [affected] causing [G. L. Capasso, Inc.] financial damages . . . ." Attached to this affidavit was a spreadsheet detailing his claim of lost work and profit, totaling $247,906. Finally, Carmine Capasso indicated that his father was, and continued to be, "extremely bothered, unhappy, and agitated by anything that brings the [d]efendants' disparagement of him and [G. L. Capasso, Inc.] to his mind and attention."

[7] Ciarleglio stated in his affidavit that he was a consultant for G. L. Capasso, Inc., and that the company had lost several jobs as result of the New Haven Independent article and the complaints made by the defendants regarding the fence.

[8] Martino averred that in 2008 and 2009 he conducted a general construction business that solicited bids for restoration and masonry work to be done for four companies in the spring of 2009. Martino initially decided to use G. L. Capasso, Inc., as a subcontractor but changed his mind after he "heard things" at the New Haven city hall and reading the New Haven Independent article. These events changed his opinion of G. L. Capasso, Inc., and he ultimately selected other contractors.

[9] As the trial court later noted in its memorandum of decision, this discussion took some time because the plaintiffs' counsel "had not thought it necessary to bring a copy of his own Supplemental Memorandum with him to court and had to consult the court's own copy of his document."

[10] The court further explained its reasoning as follows: "You have listed . . . you have listed what you say [are] explicit and implied defamatory statements or threats. You have not even given me quotations of those that you claim are explicit. I guess I am supposed to figure out which are explicit, which are implied, kind of look through your submissions and see if I can find what it is that you're referring to and then figure out whether it's explicit or implied. That is so beyond inadequate, I can't begin to tell you.

"I've tried to be respectful to you, sir. I did not want to embarrass you. I very much wanted to decide this case on the merits. I brought you in chambers, pointed out what you needed to do.

"I also, for everyone's protection, put on the record exactly what you have to do. I ordered you to do two things, you did not do either."

[11] *Sioson* v. *Knights of Columbus*, 303 F.3d 458, 460 (2d. Cir. 2002) (dismissing appeal from granting of motion for summary judgment for failure to file adequate brief).

[12] Curiously, the plaintiffs' counsel did identify count three of the operative pleading: "The prima facie tort alleged in the third count is extortion."

[13] We note that nothing in this opinion precludes the trial court, on remand, from reconsidering the merits of the defendants' motion and determining whether summary judgment should be rendered.