Guiqiu Jiang v. Holder

BIA
Videla, IJ
A093 389 870

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of June, two thousand twelve.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges.*

---

GUIQIU JIANG,
> *Petitioner*,

v.

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

11-3093
NAC

---

FOR PETITIONER: Peter L. Quan, Law Offices of Peter L. Quan, PLLC, New York, N.Y.

FOR RESPONDENT: Tony West, Assistant Attorney General; Alison Marie Igoe and Lyle D. Jentzer, Senior Counsel, National Security Unit, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Guiqiu Jiang, a native and citizen of China, seeks review of a July 7, 2011 order of the BIA affirming the June 23, 2009 decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guiqiu Jiang*, No. A093 389 870 (BIA July 7, 2011), *aff'g* No. A093 389 870 (Immig. Ct. N.Y. City June 23, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). "We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008) (per curiam) (quoting 8 U.S.C. § 1252(b)(4)(B)). Because Jiang filed his application for relief after May 11, 2005, we apply the credibility standard imposed by the REAL ID Act of 2005, Div. B of Pub. L. No. 109-13, 119 Stat.

2

302, 303 (2005). Under that standard, the agency may, considering the totality of the circumstances, base a credibility determination on, *inter alia*, the "responsiveness of the applicant," "the consistency between the applicant's or witness's written and oral statements," and "any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the agency's adverse credibility determination. First, Jiang provided inconsistent testimony concerning whether he had lost his job in China as a result of his ex-wife's failure to report for a sterilization appointment. Second, the IJ properly relied on inconsistencies between Jiang's testimony and asylum application concerning whether his ex-wife hid at a friend's house during her second pregnancy. Third, the IJ properly found that Jiang's testimony lacked credibility, given his inability to recall basic details about: his current wife's whereabouts when they sought to have a child, despite her allegation that she was hiding; and their applications to Chinese authorities for permission to have a child, despite the allegation in his asylum application that such permission had been denied twice.

Moreover, while not directly relevant to his claims, Jiang testified inconsistently about where he has lived in the United

States, and admitted that his Texas driver's license was fraudulently obtained, thus casting doubt on his veracity. Although minor and isolated discrepancies may be insufficient to support an adverse credibility finding, *see Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000), the IJ reasonably relied on the cumulative effect of the noted inconsistencies and the fraudulent document to call into question Jiang's credibility, *see Xiu Xia Lin*, 534 F.3d at 167; *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

Jiang contends that any inconsistencies in his testimony can be explained by the fact that he suffers from memory loss and psychological problems. However, the psychological evaluation in the record -- while indicating that he suffers from depression, that his cognitive abilities are average, and that his "retention was mildly compromised," J.A. 333 -- does not support a conclusion that "a reasonable fact-finder would be *compelled*" to find that he suffers from memory loss or another cognitive disability to such a degree that the various inconsistences in his testimony could be reconciled. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted); *cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (explaining that the weight afforded to evidence lies largely within the IJ's discretion).

4

In sum, the IJ's adverse credibility determination was fatal to Jiang's application for asylum and withholding of removal, as each claim was based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Therefore, we need not address the agency's alternate ruling on his eligibility for such relief.[1]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] To the extent that Jiang alleges that the IJ excluded medical evidence, or alludes to due process and CAT claims in his brief, without any developed argument, we deem such claims waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998); *see also* Fed. R. App. P. 28(a)(9)(A); *Sioson v. Knights of Columbus*, 303 F.3d 458, 459 (2d Cir. 2002) (per curiam).

5