**Ross H. MANDELL, Petitioner–Appellant,**

v.

**Nicholas Spencer REEVE, individually and on behalf of Prostar 2000, Respondent–Appellee.**

No. 11–5238–cv.

United States Court of Appeals, Second Circuit.

Feb. 4, 2013.

Ross H. Mandell, pro se, Boca Raton, FL, for appellant.

Nicholas J. Guiliano, Esq., Philadelphia, PA, for appellee.

Present: PIERRE N. LEVAL, REENA RAGGI, and DEBRA ANN LIVINGSTON, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 15, 2011, is AFFIRMED.

Petitioner Ross Mandell appeals from a judgment of the district court denying his petition to vacate an arbitration award rendered by a Financial Industry Regulatory Authority ("FINRA") arbitration panel, and confirming the award in favor of Respondent Nicholas Reeve. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

"We review a district court's decision to confirm an arbitration award *de novo* to the extent it turns on legal questions, and we review any findings of fact for clear error." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir.2003). Federal courts may vacate arbitration awards only in the limited circumstances set forth in the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a). *See Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 19 (2d Cir.1997). "The showing required to avoid summary confirmation of an arbitration award is high, and a party moving to vacate the award has the burden of proof." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir.1997) (citation omitted). An "arbitration decision must be confirmed if there is any basis for upholding the decision and if there is even a barely colorable justification for the outcome reached." *Bear, Stearns & Co. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 91 (2d Cir.2005) (internal quotation marks and citations omitted).

On appeal, Mandell advances no arguments different from those he raised in the district court, nor has he attempted to

explain how the district court erred in rejecting those arguments. Accordingly, having conducted an independent review of the record in light of the above principles, we now affirm for substantially the same reasons as those stated by the district court in its well-reasoned October 4, 2011 opinion.

Reeve requests that we impose sanctions against Mandell pursuant to Fed. R.App. P. 38 on the ground that the appeal is frivolous. As an initial matter, Reeve has improperly raised this request in his appellate brief, and not in a "separately filed motion" as required by the Rule. *See* Fed. R.App. P. 38; *Great Am. Ins. Co. v. M/V Handy Laker*, 348 F.3d 352, 354 (2d Cir.2003) (denying request for Rule 38 sanctions raised in appellee's brief where no separately filed motion had been submitted). Moreover, we will generally impose such sanctions only in cases of blatant frivolity, bad faith, or repetitive frivolous filings. *See, e.g., In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 119–20 (2d Cir.2000); *Moore v. Time, Inc.*, 180 F.3d 463, 463–64 (2d Cir.1999). While Mandell's appeal is without merit, it does not warrant sanctions under this standard.

We have considered all of Mandell's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED, and Reeve's request for Rule 38 sanctions is DENIED.